IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals | § § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC | § § § | |
| Defendant | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1.      The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.      The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 US.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of Server employed within the last 3 years' wages the amount that an employee receives in tips. *Id* An employer must advise an employee *in advance of its use of the tip credit* pursuant to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the Server employed within the last 3 years (2) the amount by which the wages of the Server employed within the last 3 years are increased on account of the tip credit (3) that all tips received by the employee must be

retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice. Furthermore, it is illegal for employers to require servers and bartenders to share tips with ineligible employees such as kitchen staff, management, and the employer itself. The Fifth Circuit Court of Appeals affirmed a jury verdict and judgment in favor of wait staff when Chili's Restaurant required the staff to share tips with ineligible employees. *See Roussell* v. *Brinker Inti. Inc.* 2011 WL 4067171 (5th Cir. Sept. 14, 2011). The illegal tip-sharing, in this case, stems from illegal charges assessed to the Server employed within the last 3 years for committing various mistakes or having a cash drawer short on money.

3. Defendant Casa do Brasil, LLC ("Casa do Brasil" or "Defendant") requires the bartenders and servers to collect the cash sales and cash tips in a cash boxes-one located in the kitchen and one by the cash register.

4. Casa do Brasil does not permit the bartenders, servers, or Gauchos (collectively referred to as "Tipped Employees") to track or declare their cash tips in the point of sales system (POS). Gauchos are servers who circulate around the dining tables with skewers of meat in order to slice and serve meat to guests at their tables.

5. Casa do Brasil violated the FLSA by and not correctly informing the Tipped Employees of the tip credit it was using.

6. Casa do Brasil also violated the FLSA by and requiring that its Tipped Employees give the company their tips in order to repay the company for financial losses such as when a Tipped Employee makes a mistake by forgetting to ring up an item or customers walked out on a tab.

7. Lastly, Casa do Brasil violated the FLSA by requiring the Tipped Employees to

give a portion of their cash tips to the restaurant manager at the end of the day.

8. As a result of taking of tips, Defendant loses its right to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate.

9. The Tipped Employees were at all times non-exempt employees under the Fair Labor Standards Act.

10. Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act.

11. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

## SUBJECT MATTER JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

13. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

14. Plaintiff Nathaly Cortez ("Cortez or "Plaintiff") is an individual residing in Brazos County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

15. Cortez brings this action on behalf of similarly situated individuals who were employed by Defendant as a server, bartender, or "gaucho" (a server that brings skewers of meat to each table) at all Casa do Brasil locations at any time from the three-year period before this lawsuit until the present.

16. Defendant Casa do Brasil, LLC is a business in the State of Texas and is doing so for the purpose of accumulating monetary profit. This Defendant may be served to Juan Moreno 22575 State Highway 6 South Navasota, TX 77868, USA or wherever else they may be found.

## FLSA COVERAGE

17. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

19. Furthermore, Defendant has had and continues to have, an annual gross business volume in excess of the statutory standard.

20. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

21. Defendant operates two Casa do Brasil restaurants in Texas. Plaintiff worked at the Casa do Brasil location at 1665 Greens Prairie Rd, College Station, TX 77845.

22. Defendant employed servers, bartenders, and gauchos. The job duties for the servers, bartenders, or gauchos included taking orders, serving drinks, cutting meat at the tables, and meals to customers.

23. Plaintiff was formerly employed as a server at Defendant's restaurant from approximately June 2019 – October 2019 and November 2020 - April 2021.

24. Defendant pays its Tipped Employees at an hourly rate below minimum wage plus tips. By paying Plaintiff and other Tipped Employees less than the minimum wage per hour,

Defendant is taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

25. Defendant violated the FLSA when it failed to notify each Tipped Employee employed within the last 3 years about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendant's Tipped Employees were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

26. Defendant would require the Tipped Employees to use their tips to pay for food order mistakes, and pay the check when customers walked out on a tab.

27. Because Defendant violated the FLSA's tip credit notification and tip pool requirements, Defendant loses the right to take a credit toward its minimum wage obligations.

28. As such, Plaintiff and other Tipped Employees were not compensated at the federally mandated minimum wage.

**Minimum Wage Violation**

29. Furthermore, Defendant's practice of failing to pay Tipped Employees pursuant to 29 U.S.C. § 203(m) and requiring its Tipped Employees to give it their tips to repay for various mistakes and drawer shortages violate the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206.

30. Defendant paid the Tipped Employees two dollars and thirteen cents ($2.13) per hour.

31. Defendant paid this wage rate, based on the assumption that Defendant could take a credit for the remaining minimum wage, for the tips received by the Tipped Employees.

32. However, Defendant did not inform the Tipped Employees of the legal requirements for a valid tip credit under 29 U.S.C. 203(m) and therefore is not entitled to claim a

tip credit.

33. Plaintiff and other Tipped Employees had to pay for all walked tabs, mistakes in failing to ring up certain orders, and requiring them to share their tips with the closing manager.

34. Plaintiff along with the other Tipped Employees was not permitted to keep all of their cash tips.

35. Therefore, Casa do Brasil is not entitled to a credit against the minimum wage for tips received because the Tipped Employees did not retain all of their tips.

36. Defendant's tip-pooling arrangement deprives Plaintiff and other Tipped Employees of the right to claim a tip credit.

37. During the time that Defendant employed Plaintiff, the legal minimum wage was $7.25 per hour.

38. Defendant paid the Tipped Employees only $2.13 per hour and therefore failed to pay the minimum wage.

**Overtime Violations**

39. Defendant required and/or permitted Plaintiff to work as a server at its restaurant in excess of forty (40) hours per week but refused to compensate her at the applicable overtime rates. Therefore, Plaintiff and other Tipped Employees are entitled to tips Defendant misappropriated.

40. Furthermore, although Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, she was not compensated at the FLSA mandated time-and-a-half rate for all hours in excess of forty (40) per workweek.

41. The defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to

carry out its illegal pattern and practice regarding its Tipped Employees. Defendant's method of paying Plaintiff in violation of the FLSA was not based on good faith and reasonable belief that its conduct complied with the FLSA.

42. The defendant would shave time off Plaintiff's clock in and clock out times, in order to minimize and/or eliminate overtime pay.

## FIRST CAUSE OF ACTION - FLSA MINIMUM WAGE VIOLATION

43. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

44. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

45. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

## SECOND CAUSE OF ACTION - FLSA OVERTIME VIOLATION

46. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

47. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

48. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

49. Plaintiff has actual knowledge that other Tipped Employees have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other Tipped

Employees at Defendant's restaurant.

50. Other Tipped Employees similarly situated to the Plaintiff work or have worked for Defendant's restaurant but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

51. Defendant took a tip credit against its minimum wage obligations for Plaintiff and other Tipped Employees. Finally, Defendant failed to notify Plaintiff and other Tipped Employees regarding the tip credit as required by the FLSA.

52. Defendant deducted from the Tipped Employees tips for various charges and infractions.

53. Although Defendant permitted and/or required the Tipped Employees to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

54. The Tipped Employees perform or have performed the same or similar work as the Plaintiff.

55. Tipped Employees regularly work or have worked in excess of forty hours during a workweek.

56. Tipped Employees are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

57. As such, Tipped Employees are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

58. Defendant's failure to pay overtime compensation and hours worked at the

minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Tipped Employees.

59.     The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the Tipped Employees.

60.     The specific job titles or precise job responsibilities of each Tipped Employee does not prevent collective treatment.

61.     All Tipped Employees, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

62.     All Tipped Employees, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

63.     Although the exact amount of damages may vary among Tipped Employees, the damages for Tipped Employees can be easily calculated by a simple formula. The claims of all Tipped Employees arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Tipped Employees.

64.     Due to the inherent nature of Defendant's tip credit and tip pool policies, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

65.     As such, the Tipped Employees of similarly situated Plaintiff is properly defined as follows:

> "All current and former server, bartender, or "gaucho" employed by Casa do Brasil at any time three years prior to the filing of this lawsuit to the present."

## DAMAGES SOUGHT

66.     Plaintiff and other Tipped Employees are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

67.     Additionally, Plaintiff and other Tipped Employees are entitled to recover their

unpaid overtime compensation.

68. Plaintiff and other Tipped Employees are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

69. Plaintiff and other Tipped Employees are entitled to their misappropriated tips.

70. Plaintiff and other Tipped Employees are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## PRAYER

71. For these reasons, Plaintiff and other Tipped Employees respectfully request that judgment be entered in their favor awarding the following relief:

    a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

    b. All unpaid wages at the FLSA mandated minimum wage rate;

    c. An equal amount as liquidated damages as allowed under the FLSA;

    d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

    e. All misappropriated tips; and

    f. Such other relief to which Plaintiff and other Tipped Employees may be entitled, at law or in equity.

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and On Behalf of All Others Similarly Situated**