IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals | § § § § |
| Plaintiff | § § |
| v. | §   CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC | § § § |
| Defendant | § § § |

JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(F) FEDERAL
RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   **Meeting took place on February 2, 2022, via telephone. Trang Q. Tran attended for Plaintiff. Elizabeth Voss and Ramon Bissmeyer attended for Defendant.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None are known at this time.**

3. Briefly describe what this case is about.

   **This is a minimum wage brought under the Fair Labor Standards Act (FLSA). Plaintiff asserts that Defendant's restaurants did not permit the tipped employees to keep all of their tips. Plaintiff further asserts that Defendant's restaurants failed to pay the tipped employees overtime at one and one-half of the regular rate for all hours worked over 40 a week. Plaintiff seeks to bring this action on behalf of herself and other similarly situated employees. Defendant denies Plaintiff's allegations, generally, and Defendant denies that Plaintiff should be permitted to bring this matter on behalf of allegedly similarly-situated employees.**

1

4. Specify the allegation of federal jurisdiction

    **The Parties agree that jurisdiction in this action exists under 29 U.S.C. § 216(b) and by provisions of 28 U.S.C. § 1331 relating to "all civil actions arising under the Constitution, laws, or treaties of the United States."**

5. Name the parties who disagree and the reasons.

    **Not applicable.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **Plaintiff: None, other than additional putative class members or opt-ins who file consent forms to join this case.**

    **Defendant: None.**

7. List anticipated interventions.

    **There are none at this time.**

8. Describe class-action issues.

    **Plaintiffs allege that plaintiffs are members of a class of individuals who are similarly situated. Defendant denies that collective action treatment is appropriate in this matter.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The parties have agreed to exchange Rule 26(a) disclosures within 14 days after the parties' rule 26(f) conference as provided for in FED. R. CIV. P. 26(a)(1)(C). The disclosures shall be made by February 16, 2022.**

10. Describe the proposed agreed discovery plan, including:

    a. Responses to all the matters raised in Rule 26(f).

    **Generally, the parties agree that discovery will be necessary to investigate Plaintiff's allegations and Defendant's defenses.**

    **There are no issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, at this time. The Parties believe that they can resolve any issues that may arise related to ESI discovery.**

**The Parties agree that the inadvertent production of privileged documents shall not be deemed a waiver or impairment of any claim of privilege or protection, and upon identification of the privileged document by counsel for the producing party, the opposing counsel will return the document immediately without copying or transmitting the document to others. If the Parties are unable to agree on whether the documents are privileged or protected, within thirty (30) days of the receipt of the receiving party's notice of disagreement, the producing party shall file a motion to deem the documents privileged or protected.**

**The Parties agree that a protective order may be necessary.**

**The Parties ask that scheduling order deadlines, other than those set forth below, be established after it is known if the Court grants certification of a collective action in this lawsuit.**

**Defendant contends that, in determining whether certification of a collective action is appropriate or following such certification, more than ten (10) depositions will likely be necessary to adequately evaluate and prepare a defense to Plaintiff's claims. Defendant may seek to depose all opt-in plaintiffs who seek affirmative relief from Defendant, as is Defendant's constitutional right.**

**Plaintiff does not think more than 10 depositions are needed to determine if class certification is necessary. It is Plaintiff's position that representative testimony is a common practice and acceptable in class and collective action cases. Therefore, deposition of each opt-in is not necessary.**

| | |
|---|---|
| **90 days after the date of the Court's initial scheduling order.** | **Deadline to add parties other than opt-in plaintiffs pursuant to any order(s) granting FLSA certification. The opt-in deadlines, if any, will be set forth in any such order(s).** |
| **90 days after the date of the Court's initial scheduling order.** | **Deadline for Plaintiff to file any motion(s) for certification.** |
| **30 days after the date Plaintiff files a motion for certification.** | **Deadline for Defendant to file its response to Plaintiff's motion(s) for certification, if any.** |
| **The deadline for the Parties to confer and submit a supplemental/amended proposed scheduling order for all remaining deadlines.** | **1. 30 days after the close of the collective action opt-in notice period, if the Court grants certification. If the Order and/or Findings and Recommendations is made by a U.S. Magistrate Judge, this deadline is based on the District Judge's Order adopting same after consideration of any objections to any such Magistrate Judge's Order and/or Findings and Recommendations.** |

3

|  | **2. If the Court denies certification, then 30 days after the Court's order on same. If the Order and/or Findings and Recommendations is made by a U.S. Magistrate Judge, this deadline is based on the District Judge's Order adopting same after consideration of any objections to any such Magistrate Judge's Order and/or Findings and Recommendations.** **3. If Plaintiff does not file a motion for certification, then 30 days after the deadline for such motion.** |
|---|---|

b. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff may propound interrogatories on Defendant before the close of the discovery period.**

c. When and to whom the defendant anticipates it may send interrogatories.

**Defendant will propound interrogatories on Plaintiff and any additional or opt-in plaintiffs.**

d. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates deposing Defendant, through corporate representatives, and other persons with knowledge of relevant facts before the close of the discovery period. Within the next 30-60 days, Plaintiff will take a deposition of a corporate representative to identify the identities of the tipped employees who worked for the Defendant within the last 3 years and to determine if they were subject to the same wage and hour practices described in the lawsuit.**

e. Of whom and by when the defendant anticipates taking oral depositions.

**In addition to experts as noted below, Defendant anticipates deposing Plaintiff and any additional or opt-in plaintiffs and any third parties identified by Plaintiff as having knowledge of relevant facts.**

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Both parties expect to designate experts on attorneys' fees. Both parties agree to submit any attorney fee issues to the Court to decide after liability and damage are addressed. At this time, the Parties request that the deadlines for designating experts be established after it is known if the Court grants certification of one or more collective action classes in this lawsuit.**

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Plaintiff anticipates taking the deposition of any expert designated by the Defendant by the close of discovery.**

h. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking the deposition of any expert designated by Plaintiff by the close of discovery.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **The Parties are in agreement regarding the discovery plan.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **No discovery has been undertaken to date.**

13. State the date the planned discovery can reasonably be completed.

    **The Parties request that discovery be phased based on whether FLSA collective action certification is ordered. Specifically, the Parties request that the Court enter a discovery deadline relative to the determination of collective action certification, and that the Parties file a supplemental/amended proposed scheduling order at a time after that determination.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The Parties are open to discussing settlement possibilities, but no settlement offers, or demands have been made at this time.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The Parties are amenable to conducting settlement discussions in an attempt to bring about prompt resolution of this matter. The Parties believe these discussions would be productive after some discovery.**

**The Parties both agree to accept service via email expedite the proceedings.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    **The Parties believe this case is suitable for mediation after adequate discovery has been completed.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The Parties do not consent to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiff made a timely jury demand.**

19. Specify the number of hours it will take to present the evidence in this case.

    **The Parties believe that the duration of the trial will significantly depend on whether or not any motion(s) for certification of a collective action is granted or denied. The Parties therefore request that, as outlined above, the Court enter a scheduling order requiring the Parties to confer and submit a supplemental/amended proposed scheduling order for discovery and a trial date after the Court has ruled on any motion(s) for certification.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **There are none at this time.**

21. List other motions pending.

    **There are none at this time.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **As outlined above, the Parties request that the Court enter a scheduling order with respect to the filing of any motion(s) for certification and that all other deadlines be established after it is known if the Court grants certification of one or more collective action classes.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**Trang Q. Tran; Federal ID: 20361; Texas Bar No. 00795787; 2537 S. Gessner Road, Suite 104, Houston, Texas 77079; (713) 223-8855.**

**Ramon Daniel Bissmeyer; Federal ID. 17446; State Bar No. 00787088; 112 East Pecan Street, Suite 1800, San Antonio, Texas 78205; (210) 554-5500; and Elizabeth A. Voss; Federal ID 124 1751; State Bar No. 24075 160; 1717 Main Street, Suite 4200, Dallas, Texas 75201; (214) 462-6400**

*/s/ Trang Q. Tran*  February 8, 2022
Counsel for Plaintiff(s)  Date

*/s/ Elizabeth Voss (by permission)*  February 8, 2022
Counsel for Defendant(s)  Date