**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **NATHALY CORTEZ, individually and on behalf of similarly situated individuals** | § § § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:21-cv-03991** |
| | § | |
| **CASA DO BRASIL, LLC** | § | |
| | § | |
| **Defendant** | § | |
| | § | |

**PLAINTIFF'S OPPOSED MOTION TO STRIKE**
**DEFENDANT'S AFFIRMATIVE DEFENSE**

Defendant CASA DO BRASIL, LLC ("Casa do Brasil"), filed an answer on January 31, 2022. *See* ECF No. 7 Defendant's Answer. Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff files this motion to strike Defendant's affirmative defenses No. 9-Offset. (ECF No. 7 pg. 13)

**I. SUMMARY**

Courts strike affirmative defenses that do not meet the required pleading standards. Affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts but requires that the defendant gives "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Recent cases of the Supreme Court have made it clear that a trial judge has an obligation to prevent "factually unsupported claims and defenses" from proceeding to trial. *Celotex Corp. v. Catrett*, *supra*; *Anderson v. Liberty Lobby*,

1

*supra*; *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, *supra*. The mere incorporation of preceding allegations does not constitute a defense.

Here, Defendant nonetheless provides no factual basis whatsoever for its offset affirmative defense. *See* Doc. 7 (Answer) at pp. 80.

Defendant's ninth defense of Set-Off merely proclaims Defendant "pleads that if Plaintiff is able to show any violation of the FLSA, Defendant is entitled to a set-off for all compensation or funds paid to or procured by Plaintiff to which she had no legal entitlement." Doc 7 (Answer) at pg. 13

## II. THE PLEADING STANDARDS

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "Affirmative defenses, like a complaint," must "afford the other party fair notice." *TracFone Wireless, Inc. v. King Trading, Inc.*, 2008 WL 4826035, at *1 (N.D.Tex. Nov. 6, 2008). The "vast majority of courts" have extended *Twombly*'s heightened pleading standard to affirmative defenses." *Vargas v. HWC Gen. Maint., LLC*, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (*quoting Barnes v. AT & T Pension Benefit Plan*, 718 F.Supp.2d 1167 (N.D.Cal.2010)); *Herrera v. Utilimap Corp.*, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012).

In determining whether a pleading is sufficient, "all facts pleaded … must be taken as true." *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000). However, "the tenet that a court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). It is the *factual* allegations that matter; mere labels and conclusions, or a formulaic recitation of the elements, are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Thus, an affirmative defense must be pled

with sufficient particularity, i.e., facts to state a claim to relief that is plausible." *See Vargas,* 2012 WL 948892, at *2 (accord); *Herrera*, 2012 WL 3527065, at *2.[1]

A court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, including legally insufficient affirmative defenses. FED. R. CIV. P. 12(f). While motions to strike are generally disfavored, the Court has discretion to strike an affirmative defense if it is insufficient as a matter of law. *Willins v. Credit Solutions of America, Inc.*, No. 3:09-cv-1025-M, 2010 WL 624899, at *1 (N.D. Tex. Feb. 23, 2010) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *FDIC v. Cheng*, 832 F.Supp. 181, 185 (N.D.Tex.1993) (Sanders, C.J.).

Under FED. R. CIV. P. 12(b)(6), an affirmative defense "must be dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Crumbley v. Gannon*, No. H-08-2172, 2008 WL 2894828, at *2 (S.D. Tex. July 22, 2008) (citing *Twombly*, 127 S.Ct. at 1974).

### III. ARGUMENT AND AUTHORITIES

Defendant pleads the following:

### *Defendant's Ninth Defense – Set-Off*

"Defendant affirmatively pleads that if Plaintiff is able to show any violation of the FLSA, Defendant is entitled to a set-off for all compensation or funds paid to or procured by Plaintiff to which she had no legal entitlement." (ECF No. 7 pg. 13)

---

[1] Even if *Twombly* did not apply to affirmative defenses (and it does), Defendants' defenses still fail because even the minority of courts who decline to apply *Twombly* still require affirmative defenses to provide a plaintiff with "fair notice" of the defenses alleged. *Floridia v. DLT 3 Girls, Inc*., 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (declining to following the "majority" rule of applying *Twombly* to affirmative defenses but requiring affirmative defenses to provide "fair notice" to the plaintiffs).

#### 1.  Lack of Factual Basis for Set-Off

Nonetheless, Defendant pleads a litany of defenses that are devoid of any factual support whatsoever. Defendant states that they are entitled to a Set-Off or deductions for any overpayment of any regular wages or overtime wages. Defendant failed to state how the Plaintiff(s) were overpaid, when, or how much for hours they did not work.  Because this "affirmative defense" does not contain any factual basis whatsoever, they do not provide Plaintiff with the fair notice required by Rule 8. Texas District Courts have routinely stricken almost identically pleaded unclean hands, Set-Off, and estoppel defenses in *EEOC v. Courtesy Bldg. Servs.*, *Software Publishers Assoc.* and other cases, because the pleadings did not provide the plaintiff with "fair notice" of the defenses being advanced. *See E.E.O.C. v. Courtesy Bldg. Servs., Inc*., 2011 WL 208408, at *3 (citing cases); *Mehler Texnologies, Inc. v. Monolithic Constructors, Inc*., No. 3:09-cv-655-M, 2010 WL 850614, at *3 (N.D.Tex. Mar. 11, 2010) (Lynn, J.) (striking unclean hands, Set-Off, and estoppel affirmative defenses); *Software Publishers Assoc*., 2007 WL 2325585, at *2 (striking unclean hands and estoppel affirmative defenses); *TracFone Wireless, Inc. v. King Trading, Inc*., No. 3:08-cv-0398-B, 2008 WL 4826035, at *1-2 (N.D.Tex. Nov. 6, 2008) (Boyle, J.) (striking unclean hands and estoppel affirmative defenses); *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC,* No. 3:08-cv-0340-G, 2008 WL 2600016 (N.D. Tex. July 1, 2006) (Fish, J.) (striking unclean hands affirmative defense). For the same reasons provided in the cited cases, the Court should strike Defendant's ninth affirmative defense. (ECF No. 7 pg. 13)

#### 2.  Set-Off Defense Is Not Available for This FLSA Case.

Assuming that Defendant is claiming a Set-Off for gap payment (to bring the average hourly rate to $20 hour) is not attempting to Set-Off unpaid overtime with prepaid wages, which is essentially the only type of Set-Off the Fifth Circuit allows in FLSA cases. *Crews v. Elite Coil*

*Tubing Solutions, LLC*, C.A. 6:13-CV-00020, 2013 WL 6252697, at *1-2 (S.D. Tex. Nov. 26, 2013) (Costa, J.).   The law is clear in this Circuit, "unless the money being set-off can be considered wages that the employer prepaid the plaintiff-employee." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010); see *Singer v. City of Waco*, 324 F.3d 813, 826 (5th Cir. 2003).   Defendant's affirmative defense for Set-Off is not applicable in this FLSA case.

## IV. CONCLUSION

Defendant's Answer ignores well-established law requiring adequate pleading of affirmative defenses. Accordingly, Defendant's ninth affirmative defenses should be stricken with prejudice for failure to properly plead, since Defendant has not pleaded facts sufficient to put Plaintiff on notice of these defenses.


Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal ID No. 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**

5

## **CERTIFICATE OF CONFERENCE**

I hereby certify that attorney Trang Q. Tran has conferred with Defendant's counsel, Elizabeth Voss by e-mail and is opposed to the filing of this Motion.

/s/ *Trang Q. Tran*
Trang Q. Tran

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on March 2, 2022, to all counsel of record via the Court's CM/ECF system.

/s/ *Trang Q. Tran*
Trang Q. Tran