IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals | § § § § | |
| **Plaintiff** | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC | § § § | |
| **Defendant** | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND LIMITATION OF PLAINTIFF'S DISCOVERY REQUESTS**

Defendant is being sued for violating the tip pool and overtime requirements of the FLSA. Plaintiff has alleged that "Defendant would require the Tipped Employees to use their tips to pay for food order mistakes, and pay the check when customers walked out on a tab" (ECF No. 5, Para 26) Plaintiff has alleged that engaged in a practice known as Time shaving by editing time records in order to reduce or eliminate overtime. (ECF 1, para 42)

Defendant takes issue with Plaintiff's tailored six (6) Interrogatories, thirty-four (34) Requests for Production, and eighty-seven (87) Requests for Admission. Defendant is asking the court to "issue a Protective Order precluding Plaintiff from taking discovery regarding any past or present Casa do Brasil employee other than Plaintiff on an individualized basis beyond the general inquiries about the existence or number of other employees similarly situated to Plaintiff in terms of position, job duties, method of pay, and the applicability of common pay policies and practices and grant Defendant such other and further relief, at law or in equity, to which it may be justly entitled. (Doc. No. 11 pgs. 12-13).

1

Issue:
1) Can Plaintiff get a list of tipped employees who were subject to tip deductions or shaving of overtime hours?
2) Can Plaintiff get discovery to prove that other similarly situated tipped employees were subject to tip deductions or time shaving?

## I.    Legal Standard

The Fifth Circuit has stated that the District Court needs to identify and set forth the parameters of discovery at the outset of the case as well as what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430, 441 (5th Cir. 2021). The Fifth Circuit further stated:

> [T]hen [the Court] should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. In other words, the district court, not the standards from *Lusardi*, should dictate the amount of discovery needed to determine if and when to send notice to potential opt-in plaintiffs.
> *Id*.

It is clear to the Court that the Fifth Circuit contemplated some preliminary discovery should occur. *Verrett v. Pelican Waste & Debris, LLC*, CIVIL ACTION No. 20-1035 SECTION: "T" (4), at *6 (E.D. La. Apr. 15, 2021) ("it is this Court's opinion that Swales grants putative class plaintiffs the opportunity to gather discovery to prove how similarly situated potential members of the opt-in class are prior to the decision on certification.")

It is important to note that while the *Swales* decision did away with the conditional aspect of certification, the Fifth Circuit did not limit the Court's ability to certify a collective action. *See Swales v. KLLM Transport Servs., LLC*, No. Civ. A. 19-60847, 2021 WL 98229 (5th Cir. Jan. 12, 2021). Conversely, the Fifth Circuit expanded the Court's authority by stating: "[t]he bottom line is that the district court has broad, litigation-management discretion here" and "it is not captive to *Lusardi* **or any 'certification' test**." *Id*. at *8. The discretion of the Court is only subject to "the

FLSA's 'similarly situated' requirement and the Supreme Court's decision in *Hoffman La-Roche*." *Id*. The Fifth Circuit in *Swales* reiterated that the same standard for determining whether workers are similarly situated still exists to this day, stating that certification should likely be granted when "the plaintiffs all have **the same job description** and **the allegations revolve around the same aspect of that job**." *See Swales,* 2021 WL 98229, at *7. (Highlights added) The discovery, in this case, addresses this standard. Swales Permits Tailored Precertification Discovery by Plaintiff.

The Fifth Circuit has stated that certification can be granted when the "pleadings" and "only preliminary discovery" show that the plaintiff and class members have a similar employment setting, stating:

> For example, [] notice might be justified when the pleadings and only preliminary discovery show sufficient similarity between the plaintiffs' employment situations. In those types of cases, **the plaintiffs all have the same job description**, **and the allegations revolve around the same aspect of that job**.
> *Id*. (emphasis added).

Defendant does not specify what if any information should be provided in response to Plaintiff's requests. It can only be surmised that Defendant objects to all preliminary discovery about other employees who worked as tipped employees at their restaurant located in College Station.

**A. Discovery of other tipped employees at the restaurant.**

In order to obtain certification, Plaintiff only needs to establish that the other employees have the same job description and that the allegations revolve around the same aspect of that job. Preliminary discovery about the identities of other tipped employees and their employment files will establish if they had the same job description as the plaintiff. Discovery about the tip violations and the overtime violation will establish that the allegations revolve around the same aspects of the job: taking of tips and time shaving. Plaintiff seeks to establish these two elements

3

and establish that the methods Defendant used to take tips and shaved/reduce overtime hours, were part of a single policy or plans, applied to all tipped employees at one restaurant location. In order to accomplish this purpose, Plaintiff sent six (6) interrogatories and thirty-four (34) requests for production and tailored requests for admission.  Defendant is correct in their description that Plaintiff merely asks for "the identity of each current and former tipped employee at Defendant's restaurant located in College Station for the relevant timeframe. This includes each employee's name, position, job title, date and location of employment, last known home address, email, telephone number, and date of birth. *See* Ex. A at Interrogatory Nos. 1-3, Request for Production No. 1." (Doc No. 10).  The number and nature of the requests are not unreasonably cumulative or duplicative.  The information regarding the identities of the tipped employees that worked at Defendant's restaurant in College Station can only be obtained from Defendant's employee records or payroll reports. There are no less burdensome, or less costly ways to get identify these witnesses. Fed. R. Civ. P. 26(b)(2)(C)(i).

    Discovery of the names and contact information of prospective plaintiffs is routine in FLSA collective action. Attached is a post-Swales order that requires employers to provide a class list. *See* **Exhibit C** (*Roger v RCI Dining Services*)

    In Hoffman-La Roche, Inc. v. Sperling, the Supreme Court affirmed that the discovery of the names and addresses of potential class members is appropriate at the conditional certification stage. 493 U.S. 165, 170. Following this decision, courts have consistently approved the disclosure of the names and contact information of prospective plaintiffs. See Jackson v. Superior Healthplan, Inc. 2016 WL 7971332, * 7 (N.D. Tex. Nov. 7, 2016) (approving disclosure of names, addresses, phone numbers, and email addresses). Behnken v. Luminant Min. Co., LLC, 997 F. Supp. 2d 511, 525-26 (Discovery of identification information of other employees and their contact information was held a routine component of court-facilitated notice in FLSA

collective actions); *Birdie v. Brandi's Hope Cmty. Servs., LLC*, CIVIL ACTION No. 5:17-cv-21-DCB-MTP, at *9 (S.D. Miss. June 14, 2017) (Court require that the defendants provide the names, dates of employment, last known addresses, phone numbers, and email addresses of prospective plaintiffs); *Birdie v. Brandi's Hope Cmty. Servs., LLC*, CIVIL ACTION No. 5:17-cv-21-DCB-MTP, at *10 (S.D. Miss. June 14, 2017) ("Nguyen v. Versacom, LLC, 2015 WL 1400564, *13 (N.D. Tex. Mar. 27, 2015) (finding that the need for disclosure was outweighed by privacy interests where "there [was] no apparent reason to conclude that sending a letter to a person's last known address [would] be inadequate")").

 The plaintiff is entitled to discovery that identities the tipped employees that worked at her location because they may have knowledge of the restaurant's practice of giving managers tip money or shaving their overtime hours.  See (Doc. No. 1 para 33, and 42) This court can permit discovery of the names and addresses of the employees. Without pausing to explore alternative bases for the discovery, for instance, that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery. *Sperling*, Hoffmann-La Roche Inc. v. Sperling, 493, 170  U.S. 165 (1989)). Plaintiff plans to send investigation letters that comply with the court's instruction and the Texas Rules of Professional Conduct.  Investigation letters can be designed to establish if individuals on the list are similarly situated to the plaintiff without constituting solicitation of plaintiffs for the purpose of expanding this litigation.

 **B.  Discovery of FLSA Violations of other tipped employees**

 A careful reading of *Swales* shows that the Fifth Circuit was clear some merits-based discovery should be permissible prior to the decision on certification if the merits-based discovery is somehow intertwined with a dispositive threshold matter.  *Swales v. KLLM*

*Transport Services*, *Inc*., 985 F.3d 430, 2021 U.S. App. LEXIS 827 (5th Cir. 2021). Through requests for production and requests for admission, Plaintiff seeks to prove that the manager who participated in the tip pool was not a tipped employee and ineligible to receive tips. Plaintiff sent very clear requests for admission to establish that the managers were ineligible to receive tips. Plaintiff sent interrogatories and requests for production to establish that the tipped employees had tips taken by the managers. A careful reading of *Swales* shows that the Fifth Circuit was clear some merits-based discovery should be permissible prior to the decision on certification if the merits-based discovery is somehow intertwined with a dispositive threshold matter. *Swales v. KLLM Transport Services*, *Inc*., 985 F.3d 430, 2021 U.S. App. LEXIS 827 (5th Cir. 2021). Defendant opposes Plaintiffs "requests, for each tipped employee at the College Station location: time and payroll records; complete copy of the employee file; paper and electronic time records; complete copy of the tax forms; shift records; time edit logs; tip records; tip adjustments; records of walked-out tables; and original Point-of-Sales system records. *See* Ex. A. at Request for Production Nos. 2-5, 7, and 15-25." (*See* ECF 11) Defendant has admitted that tips were taken from employees at the restaurant in College Station:

> In Defendant's response to Interrogatory No 5, "There have been no deductions taken from tips of employees at Defendant's restaurant in Houston, Texas since its opening, thus preventing such employees from being similarly situated. <u>Deductions were taken from the tips of employees at Defendant's restaurant in College Station,</u> Texas on only a few limited occasions, thus preventing employees working on other dates and/or other shifts on the dates that such deductions may have been taken from being similarly situated." [highlight added] **See Exhibit A**

This is why Plaintiff's requests for the "tip records; tip adjustments; records of walked-out tables; and original Point-of-Sales system records" for the tipped employees in Defendant's College Station are relevant to Certification and should be permitted. This type of discovery is allowed because the Fifth Circuit held in Swales that the trial court is mandated to 'rigorously scrutinize the realm of "similarly situated" workers, and must do so from the outset of the case.' *Swales*

*v. KLLM Transp. Servs., L.L.C*., 2021 WL 98229, at *2. This cannot be done without some pre-certification. In *Swales*, the Fifth Circuit specifically addressed the factual situation currently before the Court, stating: "For example, in a donning and doffing case, notice might be justified when the pleadings and only preliminary discovery show sufficient similarity between the plaintiffs' employment situations. In those types of cases, the plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job." *Swales*, 2021 WL 98229, at * 7. While the potential group of plaintiffs might have different job descriptions, in this case, they were all tipped employees working in the same restaurant who were subjected to the same tip pooling violations and overtime violations.

### How the requested information will be used for Certification

The first issue, in this case, is to determine that the following types of employees are tipped employees shall mean all individuals employed by Defendant as a bartender, server, and/or Gaucho. Defendant denies that they are tipped employees. The only way to determine if they are tipped employees is to review their pay and time records to see if they were paid at less than $7.25 an hour and at least $2.13 an hour plus tips. The following requested documents will reveal this information: Tax forms, shift records, tip records, tip adjustments; payroll records, and employment records. Defendant claims that these CSR managers are tipped employees, then Plaintiff's discovery will establish if that is true. If it turns out that these CSR managers are salaried or hourly employees, the weekly pay and shift schedules will show how often they worked and partook in the tip pool.

The second issue in this tip pooling case is the FLSA tip notice requirement. In this tip pooling case, the employee files will determine if any of the tipped employees received the tip notice required by the FLSA. If Defendant claims that they gave written tip pooling notice to

each tipped employee, then the notice and acknowledgment would be contained in the employment file of each employee. This is why the employment file is relevant to the certification issue.

The third issue in this tip pooling case is to determine if Defendant illegally took a portion of the tipped employees' tips and gave it to the "CSR" manager(s). Plaintiff's Requests for Production No. 18, and 22, ask for tip information found in sales and tip records (RFP No. Cash Sales; Tip records). These records are relevant in any audit to track the amount of tips earned by each person, how the tips were tracked, and identify any deductions that were made from the tips.

A review of each tipped employee's employment file (RFP No. 3) will show if there are any prior complaints about tip or overtime violations, and payroll reimbursement for improper tip deductions. The paper time records (Point-of-Sales system records) (RFP No. 4) from the daily register report of each tipped employee will show their sales, cash, and credit card tips. The electronic copy of the POS records for each tipped employee may show a different tally of tips because the reports reflect tips numbers that have excluded tips that were taken by the manager. The sales records from the POS records for Plaintiff and each tipped employee will show how much their total daily sales, credit card tips, and any reported cash tips. A comparison of each tipped employee's earned tips to the tips they received on their paycheck is necessary to identify the tips that were taken by the restaurant.

If the records show that the tipped employees received fewer tips than they earned and the withheld tips did not go to tipped employees then it supports the narrative that Defendant had a companywide practice of taking tips and paying the "CSR" Manager a portion of the tips.

If Defendant claims that the CSR manager(s) is a tipped employee, then the employee file

will reflect if that person was hired as a manager or tipped employee. If the CSR Manager is a tipped employee, then their POS reports, payroll, and time records will show if that person was paid a salary or hourly at a rate less than minimum wage.

Since this is an overtime case, a review of each tipped employee's employment file is necessary to reveal notations about overtime pay, overtime rate, and/or overtime calculations. The Point-of-Sales system will have records of the hours worked, time edit logs that show changes to the clock-in and clock-out time to reduce overtime pay.

Plaintiff's discovery requests are narrowly tailored to both Plaintiff's claims and the discovery of facts and legal conclusions that are material to determining whether putative class members are similarly situated. For these reasons, Defendant's motion should be denied.

Respectfully submitted,

**TRAN LAW FIRM**

　/s/ Trang Q. Tran
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, individually and on behalf of similarly situated individuals**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on March 21, 2022, to all counsel of record via the Court's CM/ECF system.

                                              /s/ *Trang Q. Tran*
                                              Trang Q. Tran