IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals | § § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC | § § § | |
| Defendant | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Casa do Brasil, LLC ("Defendant" or "Casa do Brasil") and files this its Response to Plaintiff's Motion to Strike Defendant's Affirmative Defense (the "Motion"), and in support thereof, respectfully states as follows:

## I. INTRODUCTION

Plaintiff's Original Complaint alleges both minimum wage and overtime payment violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, with respect to her former employment as a server at Defendant's restaurant in College Station, Texas and seeks, ultimately, to represent a class of allegedly similarly situated employees of Defendant. (*See* Pl.'s Orig. Compl., Dkt. # 5, at 7-9). Plaintiff has not yet filed a Motion for Certification of her proposed collective action. In its Original Answer and Affirmative Defenses, Defendant asserted, among other affirmative defenses, that "if Plaintiff is able to show any violation of the FLSA, Defendant is entitled to a set-off for all compensation or funds paid to or procured by Plaintiff to which she

1

had no legal entitlement."[1] (Def.'s Ans., Dkt # 7, at 13 (¶ 80)). Plaintiff's Motion targets only this affirmative defense. (*See* Pl.'s Mot. Strike, Dkt. # 10, at 1 ("Plaintiff files this Motion to strike Defendant's affirmative defenses No. 9-Offset.")). Plaintiff's Motion incorrectly identifies the legal standard applicable to the pleading of affirmative defenses. Because an affirmative defense need only state enough detail to give the opposing party fair notice, Defendant's affirmative defense of set-off was sufficiently pleaded. Further, although no decision of any court specifically allows or disallows the set-off claimed by Defendant in the affirmative defense made the basis of Plaintiff's Motion, analysis of the cases both permitting and prohibiting offset (sought, variously, as a counterclaim and/or affirmative defense) suggest that the offset should be permitted, or at least that its request at this time is appropriate, subject to later argument and proof at the appropriate time. For these reasons, Defendant's affirmative defense of set-off should not be stricken, and Plaintiff's Motion should be denied.

## II.  ARGUMENT / LEGAL STANDARD

**A.  Courts Disagree Regarding Pleading Standards Applicable to Affirmative Defenses.**

Although Plaintiff's Motion is filed pursuant to Federal Rule of Civil Procedure 12(b)(6) (Pl.'s Mot. Strike, Dkt. # 10, at 3), the proper standard under which to bring a motion to strike is Rule 12(f) ("The court may strike from a pleading an insufficient defense . . ."), as confirmed by several courts within the Fifth Circuit, including cases cited in Plaintiff's Motion. *Trevino v. RDL Energy Servs., LP*, No. H-14-1936, 2016 U.S. Dist. LEXIS 197887, *7 (S.D. Tex. July 21, 2016)

---

[1] Although not explained in the affirmative defense, Defendant informed Plaintiff that she would be paid not less than $20 per hour during the time she worked as a server. When the total of the tip credit hourly wage ($2.13 per hour) plus her distributed portion of credit card tips plus her distributed portion of cash tips was less than this amount, Defendant paid to Plaintiff such amount as necessary to achieve the promised hourly pay. Although Plaintiff claims, in part, that the affirmative defense fails to provide appropriate notice, Plaintiff's actual fair notice of the factual basis for the affirmative defense previously provided to Plaintiff's counsel was acknowledged, almost correctly, in Plaintiff's Motion. (*See* Pl.'s Mot. Strike, Dkt. # 10, at 4 ("Defendant is claiming a Set-Off for gap payment (to bring the average hourly rate to $20 hour . . . .")).

("An affirmative defense is not properly dismissed under Rule 12(b)(6); the proper procedure is to file a motion to strike under Federal Rules of Civil Procedure 12(f)."); *T-Mobile USA Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 U.S. Dist. LEXIS 5016, *5 (N.D. Tex. July 1, 2008); *EEOC v. Courtesy Bldg. Servs.*, No. 3:10-CV-1911-D, 2011 U.S. Dist. LEXIS 5938, *4 (N.D. Tex. Jan. 21, 2011). Additionally, Plaintiff failed to identify the proper standard for pleading sufficiency, as she relies on Federal Rule of Civil Procedure 8(a), rather than Rule 8(c), which governs affirmative defenses: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." *Trevino,* 2016 U.S. Dist. LEXIS 197887 at *10 n.4 (citations omitted). Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.' Specifically addressing affirmative defenses, Rule 8(c)(1) requires, '[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense.'" *Id.*

Citing *Woodfield v. Bowman*, 193 F.3d 354 (5th Cir. 1999), Plaintiff contends that the heightened pleading standards articulated with respect to a plaintiff's pleading by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2000) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) apply equally to affirmative defenses. (Pl.'s Mot. Strike, Dkt. # 10, at 2). While Plaintiff claims that "[t]he vast majority of courts have extended *Twombly's* heightened pleading standard to affirmative defenses," the fact remains that district courts within the Fifth Circuit are divided as to whether the heightened *Iqbal* / *Twombly* standard applies, or a more relaxed "fair notice" standard. *See, e.g., Woodfield*, 193 F.3d at 362 (citations omitted) (affirmative defenses should be pleaded "with enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced"); *US ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. 2014); *Trevino*, 2016 U.S. Dist. LEXIS 197887 at *11-12; *Cordero v. Voltaire, LLC*,

3

No. A-13-CA-253-LY, 2013 U.S. Dist. LEXIS 172532, *26 (W.D. Tex. Dec. 6, 2013). In fact, "merely naming the FLSA defenses has been found sufficient as barely scrap[ing] over the fair notice standard because the allegations provide Plaintiff fair notice of the nature of the defense, and avoids an unfair surprise with an unexpected defense." *Cunningham v. Circle 8 Crane Servs., LLC*, No. MO:20-CV-00106-DC-RCG, 2022 U.S. Dist. LEXIS 44278, *6 (W.D. Tex. Jan. 28, 2022) (internal quotations and citation omitted); *Rodriguez v. Physician Lab. Servs., LLC,* No. 7:13-CV-622, 2014 U.S. Dist. LEXIS 27192, *3 (S.D. Tex. Mar. 4, 2014)). The standard for affirmative defenses even allows the mere pleading of a defense that gives notice by name only. *Woodfield*, 193 F.3d at 362*; EEOC*, 2011 U.S. Dist. LEXIS 5938 at *6 ("[I]n some cases, merely pleading the name of the affirmative defense may be sufficient . . .").

That Plaintiff exaggerated the extent of courts' application of a heightened pleading standard to affirmative defenses might be excused, but it cannot be ignored that, in arguing for a heightened pleading standard, Plaintiff failed to note that <u>this Court has already rejected application of the heightened pleading standard with respect to affirmative defenses</u>, reasoning, instead, that "a different standard for plaintiffs and defendants is sensible . . . ." *Florida v. DLT 3 Girls, Inc*., No. 4:11-cv-3624, 2012 U.S. Dist. LEXIS 61748, at 2 (S.D. Tex. May 2, 2021). *See also Trevino*, 2016 U.S. Dist. LEXIS at *10 n.4, 11 ("*Twombly* and *Iqbal* do not apply to affirmative defenses; the Supreme Court's underlying concern in *Twombly* and *Iqbal* is dismissing unfounded cases before they proceed to costly discovery, while an affirmative defense at most affects the scope of discovery; raising the standard for pleading affirmative defenses would encourage motions to strike, which are disfavored and which only prolong pre-discovery motion practice.") (quotations omitted); *EEOC*, 2011 U.S. Dist. LEXIS 5938 at *8. "[M]otions to strike only prolong pre-discovery motion practice; as such, raising the standard for pleading affirmative

defenses would only encourage motions to strike." *Trevino*, 2016 U.S. Dist. LEXIS 197887 at *10-11 (citing *DLT 3 Girls,* 2012 U.S. Dist. LEXIS 61748 at *2).

As discussed below, and applying the appropriate standard applicable to affirmative defenses, it must be found that Defendant's affirmative defense of set-off is indeed sufficient as a matter of law, [2] and Plaintiff's Motion should be denied. In the event, however, that the Court finds that, after applying the proper standard, that the affirmative defense at issue does not provide sufficient fair notice, and recognizing that courts within the Fifth Circuit are not inclined to strike affirmative defenses, *see EEOC*, 2011 U.S. Dist. LEXIS 5983 at *4 ("Striking a part of the pleadings as immaterial or impertinent is disfavored as well."); *Trevino*, 2016 U.S. Dist. LEXIS 197887 at *7, Defendant asks that it be granted leave to file an Amended Answer within a reasonable period of time following the Court's ruling. *Cunningham*, 2022 U.S. Dist. LEXIS 44278 at *5 ("[W]hen the affirmative defense is raised in a manner that does not result in unfair surprise, technical failure to comply precisely with Rule 8(c) is not fatal.") (citations omitted).

**B.    Defendant Asserts a Valid Affirmative Defense of Set-Off.**

As a general rule, courts within the Fifth Circuit have allowed defendants to assert the affirmative defense of set-off, holding that "an offset against damages applies to prevent a plaintiff from obtaining more than one recovery for the same injury." *Singer v. City of Waco*, 324 F.3d 813, 826 n.7 (5th Cir. 2003) (citing *Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 920 (Tex. App.

---

[2] Plaintiff cites a few cases to support her argument that set-off is not allowed because Defendant has failed to provide sufficient factual support. Plaintiff is aware of the factual support, which is identified in her Motion. (*See supra* at 2 n.1). Plaintiff has notice of the basis for the affirmative defense. Nonetheless, a simple reading of the majority of cases cited by Plaintiff reflects that these courts dismissed the affirmative defenses not for lack of adequate pleading, but for other reasons—that the defense did not relate to the subject matter of the original claim or was too broad— objections that Plaintiff did not include in her Motion. *Mehler Texnologies, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-CV-655-M, 2010 U.S. Dist. LEXIS 22432, *11-12 (N.D. Tex. Mar. 11, 2010) (struck for not relating to the original answer); *see generally Woodfield*, 193 F.3d (struck for being too broad); *see generally T-Mobile*, 2008 U.S. Dist. LEXIS 5016 (struck for being too broad); *EEOC*, 2011 U.S. Dist. LEXIS 5938 at *11 ("The defense of 'failure to state a claim' is so broad that it is unclear . . . what the nature of the defense may be.").

1999)). While the circumstances permitting set-off have been limited, Plaintiff has not cited any decision holding that a set-off is impermissible under the FLSA where the defendant unilaterally promised that an employee would receive at least $20 per hour for the hours and then made payments to the employee to satisfy that promise. Indeed, Plaintiff's Motion concedes that set-off is permissible in certain circumstances, although she would have the Court believe that it is only permissible in FLSA cases with respect to "prepaid wages." (Pl.'s Mot. Strike, Dkt. # 10, at 4-5).

It is undisputed that in *Singer*, the Fifth Circuit approved a district court's offset against FLSA damages awarded to the plaintiff fire fighters because of overpayments made because "the City's method [of paying the plaintiff fire fighters] resulted in considerable overpayments ($126.20) in the work periods in which the fire fighters worked 96 hours."[3] 324 F.3d at 826. More specifically, the district court "offset the overpayments made by the City in the 96-hour work periods against the shortfalls in the 120-hour work periods." *Id*. While the Fifth Circuit agreed with the fire fighters that the offset would not have been permissible under the state law doctrine of unjust enrichment, *id*., the Court disagreed that the offset was not permissible under the FLSA. With respect to the latter issue, the Fifth Circuit held that the overpayments in pay periods where fire fighters worked less hours were not impermissible late payments of overtime from prior pay periods when they had worked more hours but, instead, "'pre-payments' . . . to compensate them for the shortfalls they would receive in subsequent 120-hour work periods." *Id*. at 828. Explaining that its decision in *Singer* was not inconsistent with its prior decision in *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974), *rev'd on other grounds by McLaughlin v. Richland Shoe Co*., 486 U.S. 128,

---

[3] The peculiar pay practice at issue in Singer was as follows: "The fire fighters worked a regularly recurring schedule of 24 hours on-duty followed by 48 hours off-duty. According to this schedule, the fire fighters would work 120 hours in one 14-day period; 120 hours in the next 14-day period; and 96 hours in the third 14-day period, until the cycle repeated itself. The City paid the fire fighters every two weeks. Although the fire fighters worked different numbers of hours in each 14-day pay period, the City paid them the same two-week salary every pay period." 324 F.3d at 817.

6

134 n.10 (1988), the Court noted that offsets in *Singer* were proper because the offset would never "cause the fire fighters' wages to fall below the statutory minimum wage." 324 F.3d at 828 n.9, (citing *Mullins v. Howard County, Md.*, 730 F. Supp. 667, 673 (D. Md. 1990).

Plaintiff incorrectly interprets the Fifth Circuit's decision permitting an offset in *Singer* and subsequent decisions finding offsets for other reasons to be improper, as establishing a rule that offsets are only permitted in FLSA cases in the Fifth Circuit where they amount to a pre-payment of wages. (*See* Pl.'s Mot. Strike, Dkt. # 10, at 4). Plaintiff then couples this incorrect interpretation with an incomplete and misleading quote from the Fifth Circuit's decision in *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 742 (5th Cir. 2010). (*See* Pl.'s Mot. Strike, Dkt. # 10, at 5). Because the premise of Plaintiff's argument is flawed, Plaintiff's arguments with respect to Defendant's affirmative defense must fail, and Plaintiff's Motion must be denied.

As an initial matter, the mere fact that set-off has been deemed appropriate under limited circumstances does not foreclose the possibility that there may be other circumstances as of yet not evaluated by a court in which such a set-off – and, thus, Defendant's affirmative defense seeking such – is appropriate in an FLSA case. *See Crews v. Elite Coil Tubing Solutions, LLC*, No. 6:13-CV-00020, 2013 U.S. Dist. LEXIS 197887, *1-2 (S.D. Tex. Nov. 26, 2013); *Cordero*, 2013 U.S. Dist. LEXIS 172532 at *27-28 (denying plaintiffs' motion to dismiss offset affirmative defense where such affirmative defense was based on the plaintiffs' falsification or inflation of hours worked). As this Court is aware, the fact that the Fifth Circuit found offset in *Singer* to be proper there because it found the overpayments to be prepayments of wages does not mean (and cannot mean, as such language would be mere *dicta*) that offset is only appropriate where it represents a prepayment of wages. Until *Singer*, the Fifth Circuit had not held that a prepayment of wages under the peculiar method of pay at use in that case could constitute an overpayment of

7

wages, such that an offset from FLSA damages would be proper. Likewise, until the issue in this case is presented for determination, there can be no claim that offset has been held to be improper.[4]

A review of the key decisions of the Fifth Circuit with respect to prohibited offsets clearly establishes the boundaries for permissible, versus impermissible, offsets. In *Martin*, for example, the plaintiff had been paid severance following his termination of employment in return for a release of all claims. 628 F.3d at 740. The district court dismissed the plaintiff's claims as moot, finding that "Martin's maximum potential recovery at trial ($19,320) was less than the set-off to which Pepsi was entitled [because of the severance paid] ($22,997)." *Id*. Recognizing that "courts have been hesitant to permit an employer to file counterclaims [or assert set-off as an affirmative defense] in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused," *id*. and at n.2, the Fifth Circuit noted that it "continue[s] to look with disfavor on set-offs unless the money being set-off can be considered wages that the employer pre-paid to the plaintiff-employee." *Id*. at 742 (emphasis added). Importantly, the Fifth Circuit also noted the difference between the severance at issue in *Martin* and the prepayment of wages in *Singer*, saying that a claim for offset related to a severance that Pepsi was not obligated to pay "misconstrues the reciprocal nature of the benefits bargained for in Martin's severance agreement. Although Martin had no legal entitlement to the benefits included in her severance package, *these benefits were not gratuitous*." *Id*. (emphasis added).

In *Martin*, 628 F.3d at 742, the Fifth Circuit also explained its decision in *Gagnon v. United Technisource Inc*., 607 F.3d 1036 (5th Cir. 2010) that the district court correctly refused to offset FLSA damages awarded with alleged damages associated with Defendant's counterclaim for

---

[4] Plaintiff has failed to cite any authorities holding that an offset is improper where, as here, Plaintiff received additional payments in order to result in an hourly wage far above the statutorily required minimum wage pursuant to the employer's gratuitous promise to Plaintiff.

breach of contract, based upon Plaintiff's "contractual obligation to notify [Defendant] of his address change." 607 F.3d at 1043. Expressing its "hesitancy to address this claim as it essentially reiterates the same contract counterclaim that we found inappropriate in a FLSA action," the Fifth Circuit stated that it would "nonetheless address the claim because we have previously held that offsets are permissible in FLSA actions, and *it is plausible that the offset claim seeks to prevent unjust enrichment* rather than enforce the terms of the contract." *Id*. (emphasis added) (citing *Singer*, 324 F.3d at 828). The Court then held that offset for the counterclaim was not appropriate because the defendant "did not pay Gagnon any additional sums that could be characterized as advanced or inappropriate amounts subject to an offset against the overtime owed to him." *Id*.

A review of the bases for the decisions of the Fifth Circuit in *Singer*, *Martin* and *Gagnon*, as well as the descriptions therein of other cases holding that offsets were either permissible or prohibited, makes clear that *Singer* cannot be cited as identifying the only circumstances under which an offset to alleged damages is permissible under the FLSA. The Fifth Circuit has made clear that courts should not, in determining wages owed under the FLSA, get distracted by employer claims that it is owed money by the plaintiff employee, whether through a counterclaim related to such allegedly owed amounts or an affirmative defense seeking an offset. *See Martin*, 628 F.3d at 740-41 (citations omitted). *See also Trevino*, 2016 U.S. Dist. LEXIS 197887 at *44 ("The Fifth Circuit has held that the affirmative defense of set-off is not appropriate in cases seeking to enforce the FLSA's minimum wage and overtime provisions . . . . [B]ecause the statute focuses on the employer's compliance with the minimum wage and overtime, disputes 'over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the Act,' and clutter the proceedings with other problems of the employer-employee relationship . . . .") (quoting *Heard*, 491 F.2d at 4)). However, as stated in *Singer*, set-offs "are

9

extra payments made by employers." 324 F.3d at 827 (citations omitted). It is clear that extra payments subject to potential offset do not include bargained-for severance payments unrelated to wages paid, as the court made clear in *Martin*. As recognized in *Gagnon*, however, a review of extra payments to a plaintiff is appropriate, and an offset could be appropriate, "if the offset claim seeks to prevent unjust enrichment rather than enforce the terms of the contract," 607 F.3d at 1043, and the "additional sums [ ] could be characterized as advanced or inappropriate amounts subject to an offset against the overtime [or other FLSA-required wages] owed to him." *Id*. Set-off is appropriate here, as "[s]et-offs may be allowed where an award to the plaintiff was already received." *Trevino*, 2016 U.S. Dist. LEXIS 197887 at *44-45 and 95 (recognizing permissibility of setoffs in some cases and denying motion to strike affirmative defenses).

Here, based upon an unsolicited and gratuitous promise that Plaintiff would make not less than $20 per hour while working as a server, Defendant paid Plaintiff additional wages over and above her hourly rate and tips to ensure that Plaintiff was paid at least that promised amount. As a result, during some pay periods, Plaintiff's compensation was supplemented by Defendant in amounts that Defendant was neither required by law or contract to pay. Based upon *Singer*, such payments must be viewed as being akin to the prepayment of wages and, in the event Plaintiff is awarded damages in this cause, such damages should be set-off by Defendant's additional, unmandated payments. For these reasons, Plaintiff's Motion to Strike must be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant asks that Plaintiff's Motion to Strike be denied for the reasons identified herein, that, alternatively, Defendant be granted leave to amend its Answer to provide such additional fair notice with respect to the challenged

affirmative defense as the Court deems necessary and that Defendant be granted such other and further relief, at law or in equity, to which it may be justly entitled.

          Respectfully submitted,

          */s/ Ramon D. Bissmeyer*
          **Ramon D. Bissmeyer**
          State Bar No. 00787088
          So. Dist. No. 17446
          **DYKEMA GOSSETT PLLC**
          112 East Pecan Street, Suite 1800
          San Antonio, Texas 78205
          Telephone:  (210) 554-5500
          Facsimile:  (210) 226-8395
          Email:  rbissmeyer@dykema.com

          and

          **Elizabeth A. Voss**
          State Bar No. 24075160
          So. Dist. No. 1241751
          **DYKEMA GOSSETT PLLC**
          1717 Main Street, Suite 4200
          Dallas, Texas 75201
          Telephone:  (214) 462-6400
          Facsimile:  (214) 462-6401
          Email:  evoss@dykema.com

          **ATTORNEYS FOR DEFENDANT**
          **CASA DO BRASIL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Trang Q. Tran
Tran Law Firm
2537 S. Gessner Suite 104
Houston, Texas 77063
Trang@tranlf.com
service@tranlf.com

          */s/ Ramon D. Bissmeyer*
          Counsel for Defendant