EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATHALY CORTEZ, individually and on behalf of similarly situated individuals** | § § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:21-cv-03991** |
| **CASA DO BRASIL, LLC** | § § § | |
| **Defendant** | § § § | |

**PLAINTIFF NATHALY CORTEZ'S RESPONSE**
**TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

TO:   Casa do Brasil LLC, by and through their attorneys of record, Elizabeth A. Voss, DYKEMA GOSSETT PLLC, 1717 Main Street, Suite 4200, Dallas, Texas 75201, and Ramon Daniel Bissmeyer, DYKEMA GOSSETT PLLC, 112 East Pecan Street, Suite 1800, San Antonio, Texas 78205.

Plaintiff Nathaly Cortez submits her objections and responses to Defendant Casa do Brasil LLC's First Set of Interrogatories. Plaintiff reserves the right to supplement, modify, or amend the information provided below.

1

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

Respectfully submitted,

**TRAN LAW FIRM**

/s/ Trang Q. Tran
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing notice was served on all counsel of record via email this June 23, 2022.

**_VIA ELECTRONIC MAIL_**
Elizabeth A. Voss
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, Texas 75201

Ramon Daniel Bissmeyer
DYKEMA GOSSETT PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

/s/ Trang Q. Tran
Trang Q. Tran

2

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

## INTERROGATORIES

**INTERROGATORY NO.1:**

Please:

(a) State your full name, including all other names and nicknames you have ever used;

(b) Identify all driver's licenses, types, numbers and by whom issued, held at any time;

(c) Identify all Social Security numbers ever held by you;

(d) Identify your address or addresses for the past five (5) years, including street number, street, city and state;

(e) Identify your date and place of birth;

(f) Identify each person and that person's name and last known address to whom you have been married, either ceremonially or by common law;

(g) Identify all e-mail addresses used by you within the past three (3) years; and

(h) Identify all social networking sites, e.g., Facebook, Linked In, My Space, etc., used by you within the past three (3) years, including the name under which you are listed on each such site.

**ANSWER:**

    **a.  Nathaly Cortez**

    **b.  Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds that the terms "license" and "held at any time" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A). Objection, discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619F.3d 1151, 1163 (5th Cir. 2010).**

    **Subject to these objection, Texas Driver's License.**

    **c.  Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Defendant has Plaintiff's social security number because it is part of her company payroll and tax record.**

    **d.  Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional,**

3

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

       overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.

e.   Defendant has this information as part of the company's payroll and tax records for Plaintiff.

f.   Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Objection, discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619F.3d 1151, 1163 (5th Cir. 2010).

g.   Plaintiff objects this Interrogatory to the extent it seeks information that is not relevant or material to any issue in this action, and it is not reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Subject, to these objection Plaintiff's email address during the relevant time period was nathalycortez13@gmail.com

h.   Plaintiff objects this Interrogatory to the extent it seeks information that is not relevant or material to any issue in this action, and it is not reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

     Subject to the foregoing objections and without waiving the same, Plaintiffs responds as follows: Plaintiff has used social media on the following platforms: Instagram, TikTok, and LinkedIn.

**INTERROGATORY NO.2:**   Identify all current or former employees of Defendant with whom you have communicated regarding the claims included in Plaintiff's Original Complaint. This Interrogatory does NOT include your attorney or members of the attorney's firm.

**ANSWER: Plaintiff objects to this Interrogatory to the extent it is overly broad and unduly burdensome, as it is not limited in time. The terms communicated regarding the claim is vague and ambiguous. Plaintiff further objects to this Interrogatory to the extent it seeks information which is outside of the scope of this Lawsuit and is, therefore, irrelevant and not likely to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).**

4

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

**Subject to the foregoing objections and without waiving the same, Plaintiff responds as follows:   During her tenure at Casa Do Brasil, Plaintiff spoke to many employees at the restaurant about the wage and hour practices that forms the basis of this lawsuit.  Plaintiff has requested a roster of employees and shift/work schedule containing the names of her co-workers but Defendant has refused to provide the records. Once Defendant supplement its discovery with this information, Plaintiff will supplement her answer.**

**Aside from her attorneys, Plaintiff has not communicated with anyone regarding the lawsuit.**

**INTERROGATORY NO.3:**      With respect to each and every date identified on the records previously produced to you as CASA 000049 – 000052, 000054 – 000056 and 000058 – 000063, identify:
  (a) Every date on which the "Total Hrs" (representing the total hours worked on that date) identified thereon are incorrect;
  (b) The additional amount of time allegedly worked on such date(s) as identified in subpart (a) of this Interrogatory;
  (c) The source(s) of the information upon which your responses to subparts (a) and (b) of this Interrogatory is/are based; and
  (d) The individual(s), if any, to whom you reported that the hours reportedly worked by you were incorrect, the date(s) of any such report(s) and any witnesses to such report(s).

**ANSWER: Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.**

  a. **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

  - **copies of her work schedule/shift records**
  - **Plaintiff's POS records with date and time entries for each sale**

  **Once Defendant has provided the documents requested above, Plaintiff will supplement.**

  **Subject, to these objection, See Exhibit A.**

  b. **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

  - **copies of her work schedule/shift records**
  - **Plaintiff's POS records with date and time entries for each sale**

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

> Once Defendant has provided the documents requested above, Plaintiff will supplement.
> Subject, to these objection, See Exhibit A.

c. **Responding Party objects to this request because it calls for the production of attorney work product.**

   **Subject to this objection see refer to the Time and time edit logs provided by Defendant. CASA 000049 – 000064, and 000076 – 000082.**

d. **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

   - **Employee roster**
   - **Shift records**

   **Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.4:**    With respect to each and every date on which you, specifically, were required to give to Defendant your tips in order to repay Defendant for financial losses, identify:

   (a) The date(s) on which you were allegedly required to give Defendant your tips;
   (b) The amount of your tips allegedly given to Defendant on such date(s) as identified in subpart (a) of this Interrogatory;
   (c) The reason(s) given by Defendant for requiring such tips to be given to Defendant for each such instance identified in subpart (a) of this Interrogatory;
   (d) The individual(s) who required you to give your tips for each such instance identified in subpart (a) of this Interrogatory;
   (e) The individual(s) to whom you gave your tips for each such instance identified in subpart (a) of this Interrogatory;
   (f) The source(s) of the information upon which your responses to subparts (a) – (e) of this Interrogatory is/are based; and
   (g) The individual(s), if any, to whom you reported the allegedly improper amounts paid to Defendant for financial losses, the date(s) of any such report(s) and any witnesses to such report(s).

**ANSWER: Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence.**

**Responding party objects to this request as disproportional, overbroad, and not relevant to**

6

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

the parties' claims and defenses beyond the scope of relevant discovery in this case.

Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

  a. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
    ▪ copies of her work schedule/shift records
    ▪ Plaintiff's POS records with date and time entries for each sale
    Once Defendant has provided the documents requested above, Plaintiff will supplement.
    Subject to these objections, see Exhibit A

  b. Plaintiff objects to this discovery request, as the term "financial losses " is overly broad. Additionally, Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
    ▪ CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
    ▪ Daily sales records
    ▪ Daily tip records (cash and credit card)
    ▪ training materials
    ▪ Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

    Once Defendant has provided the documents requested above, Plaintiff will supplement.

    Subject to this objection, see Exhibit A.

  c. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

  d. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents

7

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

with reasonable particularity as required by Rule 34(b)(1)(A).

e. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).  Objection, discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." **Murphy v. Deloitte & Touche Grp. Ins. Plan**, 619F.3d 1151, 1163 (5th Cir. 2010). Courts may limit discovery when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i)

f. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

g. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "financial losses" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

**INTERROGATORY NO.5:**    With respect to each and every date on which a "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) was required to give to Defendant tips in order to repay Defendant for financial losses, identify:

(a) The date(s) on which such Tipped Employee(s) was/were allegedly required to give Defendant tips;

(b) The identity(ies) of the Tipped Employee(s) who was/were allegedly required to give Defendant tips on such date(s) as identified in subpart (a) of this Interrogatory;

(c) The amount of tips allegedly given to Defendant by each Tipped Employee, as identified in subpart (b) of this Interrogatory, on such date(s) as identified in subpart of this Interrogatory;

(d) The reason(s) given by Defendant for requiring such tips to be given to Defendant for each such instance identified in subpart (a) of this Interrogatory;

(e) The individual(s) who required such Tipped Employee(s) to give his/her/their tips for each such instance identified in subpart (a) of this Interrogatory;

8

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

(f) The individual(s) to whom such Tipped Employee(s) gave his/her/their tips for each such instance identified in subpart (a) of this Interrogatory;

(g) The source(s) of the information upon which your responses to subparts (a) – (f) of this Interrogatory is/are based; and

(h) The individual(s), if any, to whom any Tipped Employee(s) reported the allegedly improper amounts paid to Defendant for financial losses, the name of the Tipped Employee(s) making such report(s), the date(s) of any such report(s) and any witnesses to such report(s).

**ANSWER:**

a. **Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "date(s) on which" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).**

**Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- **CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- **Daily sales records**
- **Daily tip records (cash and credit card)**
- **training materials**
- **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- **Names of other bartenders, waiters, and gaucho, and CSR Managers.**
- **Shift records of bartenders, waiters, and gaucho, and CSR Managers.**
- **Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

b. **Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds**

9

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

that the terms "identity(ies) of the Tipped Employee(s)" and "on such date(s)" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A). Objection, discovery may not be used "as a license to engage in an unwieldy, burdensome, and speculative fishing expedition." Murphy v. Deloitte & Touche Grp. Ins. Plan, 619F.3d 1151, 1163 (5th Cir. 2010). Courts may limit discovery when (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Fed. R. Civ. P. 26(b)(2)(C)(i) Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

c. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "amount of tips allegedly given" and "on such date(s) as identified in subpart of this Interrogatory" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

10

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

d.  Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "reason(s) given by Defendant" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

e.  Responding party objects to this request as disproportional, overbroad, and

11

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

f.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.
Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

g.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product.

h.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

12

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.6:**    With respect to each and every date on which you, specifically, were required to give a portion of your cash tips to the restaurant manager at the end of the day, identify:

    (a) The date(s) on which you were allegedly required to give your cash tips to the restaurant manager;

    (b) The amount of your cash tips allegedly given to the restaurant manager on such date(s) as identified in subpart (a) of this Interrogatory;

    (c) The individual(s) who required you to give your cash tips to the restaurant manager for each such instance identified in subpart (a) of this Interrogatory;

    (d) The individual(s) to whom you gave your cash tips for each such instance identified in subpart (a) of this Interrogatory;

    (e) The source(s) of the information upon which your responses to subparts (a) – (d) of this Interrogatory is/are based; and

    (f) The individual(s), if any, to whom you reported the allegedly improper amounts paid to the restaurant manager, the date(s) of any such report(s) and any witnesses to such report(s).

**ANSWER:**

    **a.** **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "date(s) on which you" and "restaurant manager" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).**

    **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

        ▪ **CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**

        ▪ **Daily sales records**

        ▪ **Daily tip records (cash and credit card)**

13

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to these objections, every shift worked.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "amount of your cash tips" is vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to these objections, one part of the tip pool.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party

14

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

objects to this request on the grounds that the terms "individual(s) who required" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- o **Employee roster**
- o **Shift records**

Once Defendant has provided the documents requested above, Plaintiff will supplement.

Subject to these objections, Cameron Rogneby.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "instance identified in subpart (a) of this Interrogatory" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- ▪ **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- ▪ **Daily sales records**
- ▪ **Daily tip records (cash and credit card)**
- ▪ **training materials**
- ▪ **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- ▪ **Employee roster**
- ▪ **Shift records**

Once Defendant has provided the documents requested above, Plaintiff will

15

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

supplement. Subject to these objections, General Manager, Jarbas Gottardo.

e.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product. Subject to these objections, none.

f.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "individual(s), if any" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.7:**    With respect to each and every date on which a "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) was required to give a portion of your cash tips to the restaurant manager at the end of the day, identify:

(a) The date(s) on which such Tipped Employee(s) was/were allegedly required to give his/her/their cash tips to the restaurant manager;

(b) The identity(ies) of the Tipped Employee(s) who was/were allegedly required to give cash tips to the restaurant manager on such date(s) as identified in subpart (a) of this Interrogatory;

(c) The amount of cash tips allegedly given to the restaurant manager by each Tipped Employee, as identified in subpart (b) of this Interrogatory, on such date(s) as identified in subpart (a) of this Interrogatory;

(d) The individual(s) who required such Tipped Employee(s) to give his/her/their tips

16

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

for each such instance identified in subpart (a) of this Interrogatory;

   (e) The individual(s) to whom such Tipped Employee(s) gave his/her/their tips for each such instance identified in subpart (a) of this Interrogatory;

   (f) The source(s) of the information upon which your responses to subparts (a) – (e) of this Interrogatory is/are based; and

   (g) The individual(s), if any, to whom any Tipped Employee(s) reported the allegedly improper amounts paid to the restaurant manager, the name of the Tipped Employee(s) making such report(s), the date(s) of any such report(s) and any witnesses to such report(s).

**ANSWER:**

   **a.** **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "Tipped Employee" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).**

   **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- **Daily sales records**
- **Daily tip records (cash and credit card)**
- **training materials**
- **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- **Names of other bartenders, waiters, and gaucho, and CSR Managers.**
- **Shift records of bartenders, waiters, and gaucho, and CSR Managers.**
- **Tip and pay records for bartenders, waiters, gaucho, and CSR Managers**

   **Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to this objection, all bartenders, waiters, and gaucho had**

17

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

Subject to these objections, every shift worked.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "Tipped Employee" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate. Subject to these objections, one part of the tip pool.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the

18

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "Tipped Employee" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

Subject to these objections, Cameron Rogneby.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and

19

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "Tipped Employee" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

Subject to these objections, General Manager, Jarbas Gottardo.

e.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product.

Subject to these objections, none.

f.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request on the

20

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case. Responding Party objects to this request on the grounds that the terms "Tipped Employees" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A).

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Names of other bartenders, waiters, and gaucho, and CSR Managers.
- Shift records of bartenders, waiters, and gaucho, and CSR Managers.
- Tip and pay records for bartenders, waiters, gaucho, and CSR Managers.

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to this objection, all bartenders, waiters, and gaucho had to share their cash tips with CSR Managers. All bartenders, waiters, and gaucho had to share portions of their credit card tips with the restaurant in order for the restaurant to pay other hourly employees a certain hourly rate.

**INTERROGATORY NO.8:**    With respect to each and every date on which you alleged that you were not paid the applicable minimum wage, identify:

(a) The date(s) on which you were allegedly not paid the applicable minimum wage;

(b) The amount (expressed in a dollar value per hour) that you were allegedly paid on such date(s) as identified in subpart (a) of this Interrogatory;

(c) The source(s) of the information upon which your responses to subparts (a) and (b) of this Interrogatory is/are based; and

(d) The individual(s), if any, to whom you reported that you were not being paid the applicable minimum wage, the date(s) of any such report(s) and any witnesses to such report(s).

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

**ANSWER:**

    a.   Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

        Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

        Once Defendant has provided the documents requested above, Plaintiff will supplement.

        Subject to this objection, Plaintiff was subject to tip deduction every day and week she worked for Defendant.

    b.   Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

        Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

    c.   Responding Party objects to this request because it calls for the production of attorney work product. subject to this objection see Pay records provided by

22

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

**Defendant.**

      **d. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

            ▪ **Employee roster**
            ▪ **Shift records**

      **Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.9:**    With respect to your allegation in Paragraph 10 of Plaintiff's Original Complaint that "Defendant knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the Fair Labor Standards Act," identify:

    (a) Each and every payroll practice that allegedly violated the minimum wage provisions of the Fair Labor Standards Act;

    (b) Each and every payroll practice that allegedly violated the overtime provisions of the Fair Labor Standards Act

    (c) The individual(s) who allegedly knew that each of the payroll practices identified in subpart (a) of this Interrogatory violated the Fair Labor Standards Act;

    (d) The individual(s) who allegedly knew that each of the payroll practices identified in subpart (b) of this Interrogatory violated the Fair Labor Standards Act;

    (e) The individual(s), if any, to whom you reported those of Defendant's payroll practices identified in subpart (a) of this Interrogatory allegedly violated the Fair Labor Standards Act, the date(s) of any such report(s) and any witnesses to such report(s);

    (f) The individual(s), if any, to whom you reported those of Defendant's payroll practices identified in subpart (b) of this Interrogatory allegedly violated the Fair Labor Standards Act, the date(s) of any such report(s) and any witnesses to such report(s); and

    (g) The source(s) of the information upon which your responses to subparts (a) – (f) of this Interrogatory is/are based.

**ANSWER:**

      **a. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

      **Plaintiff cannot fully answer this discovery request because Defendant has**

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will

24

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

supplement.

e.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

f.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

g.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product.

Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.10:**  With respect to each and every "Tipped Employee" (as

25

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) as to whom Defendant utilized the tip credit method of payment and who was not informed of Defendant's utilization of such tip credit method, identify:

(a) Each such Tipped Employee;
(b) The basis of your belief with respect to each such Tipped Employee identified in subpart (a) of this Interrogatory; and
(c) The source(s) of the information upon which your response to subpart (a) of this Interrogatory is based

**ANSWER:**

    **a.** **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

    **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

        ■ **Employee roster**
        ■ **Shift records**

    **Once Defendant has provided the documents requested above, Plaintiff will supplement.**

    **b.** **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

    **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

        ■ **Employee roster**
        ■ **Shift records**

    **Once Defendant has provided the documents requested above, Plaintiff will supplement.**

    **c.** **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

    **Plaintiff cannot fully answer this discovery request because Defendant has**

26

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

refused to provide the following records:

- ■ **Employee roster**
- ■ **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.11:**   With respect to each and every "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) as to whom you claim that Defendant failed to compensate him/her at the applicable overtime rates, identify:

(a) Each such Tipped Employee;

(b) The date(s) on which each such Tipped Employee identified in subpart (a) of this Interrogatory was not compensated at the applicable overtime rates;

(c) The basis of your belief with respect to each such Tipped Employee identified in subpart (a) of this Interrogatory; and

(d) The source(s) of the information upon which your responses to subparts (a) and (b) of this Interrogatory is/are based.

**ANSWER:**

a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- ■ **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- ■ **Daily sales records**
- ■ **Daily tip records (cash and credit card)**
- ■ **training materials**
- ■ **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- ■ **Employee roster**
- ■ **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

b. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant**

27

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

28

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

Once Defendant has provided the documents requested above, Plaintiff will supplement.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.12:** With respect to each and every "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) as to whom you may claim that Defendant failed to pay for all hours worked, identify:

(a) Each such Tipped Employee;

(b) The date(s) on which each such Tipped Employee identified in subpart (a) of this Interrogatory was not paid for all hours worked;

(c) The additional amount of time allegedly worked by each such Tipped Employee, as identified in response to subpart (a) of this Interrogatory, on such date(s) as identified in subpart (b) of this Interrogatory; and

(d) The source(s) of the information upon which your responses to subparts (a) – (c) of this Interrogatory is/are based.

29

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

**ANSWER:**

a.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

b.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

30

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

c. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.  Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

  - **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
  - **Daily sales records**
  - **Daily tip records (cash and credit card)**
  - **training materials**
  - **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
  - **Employee roster**
  - **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

d. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.  Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

  - **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
  - **Daily sales records**

31

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- **Daily tip records (cash and credit card)**
- **training materials**
- **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- **Employee roster**
- **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.13:** With respect to each and every "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) as to whom you may claim to have "actual knowledge" (as alleged in Paragraph 49 of Plaintiff's Original Complaint) that such Tipped Employee(s) was/were "denied overtime pay for hours worked over forty per workweek," identify:

(a) Each such Tipped Employee;

(b) The date(s) on which each such Tipped Employee identified in subpart (a) of this Interrogatory was denied overtime pay for hours worked over forty per workweek;

(c) The additional amount of time allegedly worked for which each such Tipped Employee, as identified in response to subpart (a) of this Interrogatory, should have been paid on such date(s) as identified in subpart (b) of this Interrogatory; and

(d) The source(s) of the information upon which your responses to subparts (a) – (c) of this Interrogatory is/are based.

**ANSWER:**

a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- **Daily sales records**
- **Daily tip records (cash and credit card)**
- **training materials**
- **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**

32

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.  Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)

33

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.   Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.14:**   With respect to each and every "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint) as to whom you may claim to have "actual knowledge" (as alleged in Paragraph 49 of Plaintiff's Original Complaint) that such Tipped Employee(s) was/were "denied pay at the federally mandated minimum wage rate," identify:

(a) Each such Tipped Employee;

34

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

    (b) The date(s) on which each such Tipped Employee identified in subpart (a) of this Interrogatory was denied pay at the federally mandated minimum wage rate;

    (c) The additional amount of money that should have allegedly been paid to each such Tipped Employee, as identified in response to subpart (a) of this Interrogatory, for such date(s) as identified in subpart (b) of this Interrogatory; and

    (d) The source(s) of the information upon which your responses to subparts (a) – (c) of this Interrogatory is/are based.

**ANSWER:**

    a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- **Daily sales records**
- **Daily tip records (cash and credit card)**
- **training materials**
- **Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks**
- **Employee roster**
- **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

    b. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

- **CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files**
- **Daily sales records**
- **Daily tip records (cash and credit card)**
- **training materials**

35

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.   Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

d. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-

36

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

privileged materials or information. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.15:** Identify each and every date on which you were allegedly employed as a Gaucho while working for Defendant.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

**Subject to and without waiving the foregoing, none.**

**INTERROGATORY NO.16:** With respect to allegedly misappropriated tips allegedly owed to you, as alleged in Paragraph 69 of Plaintiff's Original Complaint, identify:
(a) The total amount of such allegedly misappropriated tips;
(b) Each and every date(s) on which tips were allegedly misappropriated from you;
(c) The amount of tips allegedly misappropriated from you on each date identified in response to subpart (b) to this Interrogatory; and
(d) The source(s) of the information upon which your responses to subparts (a) – (c) of this Interrogatory is/are based.

**ANSWER:**

a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

37

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- copies of her work schedule/shift records
- Plaintiff's POS records with date and time entries for each sale

Once Defendant has provided the documents requested above, Plaintiff will supplement.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to and without waiving the foregoing, every shift.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

Once Defendant has provided the documents requested above, Plaintiff will supplement.. Subject to and without waiving the foregoing, every shift.

d. Plaintiff objects to this Interrogatory because Defendant has served more than

38

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR managers pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks

Once Defendant has provided the documents requested above, Plaintiff will supplement. Subject to and without waiving the foregoing, every shift.

**INTERROGATORY NO.17:**   With respect to allegedly misappropriated tips allegedly owed to each and every "Tipped Employee" (as defined in Paragraphs 4 and 65 of Plaintiff's Original Complaint), as alleged in Paragraph 69 of Plaintiff's Original Complaint, identify:

(a) Each Tipped Employee from whom tips were allegedly misappropriated;

(b) The total amount of such allegedly misappropriated tips owed to each Tipped Employee identified in response to subpart (a) of this Interrogatory;

(c) Each and every date(s) on which tips were allegedly misappropriated from each Tipped Employee identified in response to subpart (a) of this Interrogatory;

(d) The amount of tips allegedly misappropriated from each Tipped Employee on each date identified in response to subpart (c) to this Interrogatory; and

(e) The source(s) of the information upon which your responses to subparts (a) – (d) of this Interrogatory is/are based.

**ANSWER:**

a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

   **Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**

   - **CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when**

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

b. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.
Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

c. Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.
Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:
- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records

40

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

d.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.
    Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials
- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

e.  Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.
    Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:

- CSR manager pay records, time records (showing when they worked with plaintiff), shift schedule (showing when they worked with Plaintiff), employee files
- Daily sales records
- Daily tip records (cash and credit card)
- training materials

41

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

- Internal records showing how the restaurant took tips, calculated and redistribute them on paychecks
- Employee roster
- Shift records

Once Defendant has provided the documents requested above, Plaintiff will supplement.

**INTERROGATORY NO.18:** With respect to attorney's fees, costs and expenses allegedly owed to you as alleged in Paragraph 70 of Plaintiff's Original Complaint and sought in Paragraph 71(d) of Plaintiff's Original Complaint, identify:

(a) The agreement, if any, between you and your attorney(s) regarding any attorney's fees, costs and/or expenses to be paid by you with respect to this matter;

(b) The manner of calculating attorney's fees to which you and/or your attorney may be entitled with respect to this matter; and

(c) All attorney's fees, costs and/or expenses paid by you to your attorney with respect to this matter.

**ANSWER:**

a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking, *inter alia*, communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b); *Upjohn Co. v. US*, 449 U.S. 383, 389 (1981); *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947).**

b. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking, *inter alia*, communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b); *Upjohn Co. v. US*, 449 U.S. 383, 389 (1981); *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947).**

42

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

    c. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking,** *inter alia,* **communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b);** *Upjohn Co. v. US,* **449 U.S. 383, 389 (1981);** *Hickman v. Taylor,* **329 U.S. 495, 509-10 (1947).**

**INTERROGATORY NO.19:**    With respect to attorney's fees, costs and expenses allegedly owed to "other Tipped Employees" as alleged in Paragraph 70 of Plaintiff's Original Complaint and sought in Paragraph 71(d) of Plaintiff's Original Complaint, identify:

    (a) The agreement, if any, between other Tipped Employees and your attorney(s) regarding any attorney's fees, costs and/or expenses to be paid by other Tipped Employees with respect to this matter;

    (b) The manner of calculating attorney's fees to which other Tipped Employees and/or your attorney may be entitled with respect to this matter; and

    (c) All attorney's fees, costs and/or expenses paid by other Tipped Employees to your attorney with respect to this matter.

**ANSWER:**

    a. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking, inter alia, communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b); Upjohn Co. v. US, 449 U.S. 383, 389 (1981);** *Hickman v. Taylor,* **329 U.S. 495, 509-10 (1947).**

    b. **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking, inter alia, communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b); Upjohn Co. v. US, 449 U.S. 383, 389 (1981);** *Hickman v. Taylor,* **329 U.S. 495, 509-10 (1947).**

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

    c.  **Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to this request because it calls for the production of attorney work product. Plaintiff objects to this request, which blatantly violates the attorney-client and work product privileges by seeking, inter alia, communications between Plaintiff and Plaintiff 's attorneys in this matter. FED. R. CIV. P. 26(b); Upjohn Co. v. US, 449 U.S. 383, 389 (1981); *Hickman v. Taylor*, 329 U.S. 495, 509-10 (1947).**

**INTERROGATORY NO.20:**  Identify each and every person with whom you have communicated regarding the facts made the basis of this case at any time during or after June, 2019 through the present, including the date and the substance of each communication. This Interrogatory does NOT include your attorney or members of the attorney's firm.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP.**

**Responding Party objects to this request on the grounds that it seeks information not relevant and not likely to lead to the discovery of admissible evidence.**

**Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.**

**Responding Party objects to this request on the grounds that the terms "communicated" and "person" are vague and fails to describe the documents with reasonable particularity as required by Rule 34(b)(1)(A). Plaintiff spoke to many people at the restaurant during this time period about facts that forms the basis of this lawsuit. Defendant has not provide plaintiff with the request employee roster and shift schedule that shows the names of the people that worked with Plaintiff. These records will help plaintiff**

**Plaintiff cannot fully answer this discovery request because Defendant has refused to provide the following records:**
- **Employee roster**
- **Shift records**

**Once Defendant has provided the documents requested above, Plaintiff will supplement.**

**INTERROGATORY NO.21:**  Identify by name each person who contributed information used in answering these Interrogatories and with respect to each such person, identify the Interrogatory(ies) as to which each such person contributed information. This Interrogatory

44

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

does NOT include your attorney or members of the attorney's firm.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Subject to this objection, Plaintiff.**

> **INTERROGATORY NO.22:**    Identify all documents or tangible things reviewed or relied upon by you in preparing your Answers to these Interrogatories, and as to each such document or items so identified, indicate the Interrogatory(ies) for which the document or item was reviewed or relied upon.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding Party objects to the request to the extent they seek materials or information protected by the attorney-client privilege, the attorney work product doctrine, the party communication privilege and/or any other applicable privilege. To the extent the requests can be construed to include such privileged matters, Responding Party will provide only non-privileged materials or information.**

> **INTERROGATORY NO.23:**    Identify all documents or tangible things reviewed or relied upon by you in preparing your Initial Disclosures, and as to each such document or items so identified, indicate the subpart of the Initial Disclosures, e.g., FRCP 26(a)(1)(A)(i), for which the document or item was reviewed or relied upon.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Responding party objects to this request as disproportional, overbroad, and not relevant to the parties' claims and defenses beyond the scope of relevant discovery in this case.**

**Responding Party objects to this request because it calls for the production of attorney work product.**

> **INTERROGATORY NO.24:**    If you have ever been charged with, arrested for or convicted of a crime, identify: the date(s) on which you were charged, arrested, or convicted; the city, county, and state of the charge, arrest, or conviction; the crime with which or for which you were charged, arrested, or convicted; and the final disposition of the matter, i.e., deferred adjudication, probation, or imprisonment.

**ANSWER: Plaintiff objects to this Interrogatory because Defendant has served more than the permissive maximum number of interrogatories with sub-parts pursuant to Rule 33 of the FRCP. Subject to this objection, none.**

*Plaintiff Nathaly Cortez' Response to Defendant's First Set of Interrogatories*

| WORK WEEK | CLOCK IN | CLOCK OUT | TOTAL HOURS WORKED PER DAY | TOTAL HOURS WORKED PER WEEK (per timesheets)* | Shaved Time | Total Hours shaved per week | TOTAL HOURS WORKED PER DAY (BEFORE TIME SHAVED/EDITED) | TOTAL HOURS WORKED PER WEEK (BEFORE TIME SHAVED/EDITED) |
|---|---|---|---|---|---|---|---|---|
| Friday, May 31, 2019 | | | 0:00 | | | | 0:00 | |
| Saturday, June 1, 2019 | | | 0:00 | | | | 0:00 | |
| Sunday, June 2, 2019 | | | 0:00 | | | | 0:00 | |
| Monday, June 3, 2019 | | | 0:00 | | | | 0:00 | |
| Tuesday, June 4, 2019 | 4:14:00 PM | 8:57:00 PM | 4:43 | | | | 4:43 | |
| Wednesday, June 5, 2019 | 4:15:00 PM | 9:41:00 PM | 5:26 | | | | 5:26 | |
| Thursday, June 6, 2019 | 4:20:00 PM | 10:04:00 PM | 5:44 | | | | 5:44 | |
| Date Unknown | | unknown | | 15.88 | | | | 15.88 |
| Friday, June 7, 2019 | 4:25:00 PM | 10:40:00 PM | 6:15 | | | | 6:15 | |
| Saturday, June 8, 2019 | 5:00:00 PM | 8:35:00 PM | 3:35 | | | | 3:35 | |
| Sunday, June 9, 2019 | 4:53:00 PM | 9:36:00 PM | 4:43 | | | | 4:43 | |
| Monday, June 10, 2019 | | | 0:00 | | | | 0:00 | |
| Tuesday, June 11, 2019 | | | 0:00 | | | | 0:00 | |
| Wednesday, June 12, 2019 | | | 0:00 | | | | 0:00 | |
| Thursday, June 13, 2019 | | | 0:00 | | 1 Shift Deleted | | 0:00 | |
| Friday, June 14, 2019 | | | 0:00 | | | | 0:00 | |
| Saturday, June 15, 2019 | | | 0:00 | | | | 0:00 | |
| Sunday, June 16, 2019 | 11:28:00 AM | 3:16:00 PM | 3:48 | | | | 3:48 | |
| Sunday, June 16, 2019 | 3:37:00 PM | 8:29:00 PM | 4:52 | | | | 4:52 | |
| Monday, June 17, 2019 | 10:57:00 AM | 2:21:00 PM | 3:24 | | | | 3:24 | |
| Tuesday, June 18, 2019 | | | 0:00 | | | | 0:00 | |
| Wednesday, June 19, 2019 | 4:17:00 PM | 8:25:00 PM | 4:08 | | | | 4:08 | |
| Thursday, June 20, 2019 | 5:26:00 PM | 9:44:00 PM | 4:18 | 14.55 | | | 4:18 | 14.55 |
| Date Unknown | | unknown | | | 1 Shift Deleted | | | |
| Date Unknown | | unknown | | | 1 Shift Deleted | | | |
| Date Unknown | | unknown | | 20.50 | 1 Shift Deleted | | | 20.50 |
| Friday, June 21, 2019 | 5:53:00 PM | 10:40:00 PM | 4:47 | | | | 4:47 | |
| Saturday, June 22, 2019 | 5:55:00 PM | 10:21:00 PM | 4:26 | | | | 4:26 | |
| Sunday, June 23, 2019 | 10:57:00 AM | 3:26:00 PM | 4:29 | | | | 4:29 | |
| Sunday, June 23, 2019 | 5:30:00 PM | 8:51:00 PM | 3:21 | | | | 3:21 | |
| Monday, June 24, 2019 | 5:25:00 PM | 9:44:00 PM | 4:19 | | | | 4:19 | |
| Tuesday, June 25, 2019 | | | 0:00 | | | | 0:00 | |
| Wednesday, June 26, 2019 | | | 0:00 | | | | 0:00 | |
| Thursday, June 27, 2019 | 10:25:00 AM | 10:32:00 AM | 0:07 | | | | 0:07 | |
| Thursday, June 27, 2019 | 10:32:00 AM | 1:42:00 PM | 3:10 | | | | 3:10 | |
| Thursday, June 27, 2019 | 4:23:00 PM | 8:55:00 PM | 4:32 | 29.18 | | | 4:32 | 29.18 |
| Friday, June 28, 2019 | 4:46:00 PM | 9:05:00 PM | 4:19 | | | | 4:19 | |
| Saturday, June 29, 2019 | | | 0:00 | | | | 0:00 | |
| Sunday, June 30, 2019 | | | 0:00 | | | | 0:00 | |
| Monday, July 1, 2019 | 4:26:00 PM | 9:58:00 PM | 5:32 | | | | 5:32 | |
| Tuesday, July 2, 2019 | 5:31:00 PM | 9:20:00 PM | 3:49 | | | | 3:49 | |
| Wednesday, July 3, 2019 | 4:25:00 PM | 8:55:00 PM | 4:30 | | | | 4:30 | |
| Thursday, July 4, 2019 | 11:25:00 AM | 2:12:00 PM | 2:47 | | | | 2:47 | |
| Thursday, July 4, 2019 | 4:54:00 PM | 8:32:00 PM | 3:38 | | | | 3:38 | |

| Date | Clock In | Clock Out | Hours | Adjustment | Total | Hours | Total |
|---|---|---|---|---|---|---|---|
| Friday, July 5, 2019 | 4:57:00 PM | 10:28:00 PM | 5:31 | | 24.58 | 5:31 | 24.58 |
| Saturday, July 6, 2019 | 5:00:00 PM | 5:58:00 PM | 0:58 | | | 0:58 | |
| Sunday, July 7, 2019 | 5:26:00 PM | 9:17:00 PM | 3:51 | | | 3:51 | |
| Monday, July 8, 2019 | | | 0:00 | | | 0:00 | |
| Tuesday, July 9, 2019 | 5:30:00 PM | 10:08:00 PM | 4:38 | | | 4:38 | |
| Wednesday, July 10, 2019 | | | 0:00 | | | 0:00 | |
| Thursday, July 11, 2019 | | | 0:00 | | 14.97 | 0:00 | 14.97 |
| Friday, July 12, 2019 | 4:59:00 PM | 10:31:00 PM | 5:32 | | | 5:32 | |
| Saturday, July 13, 2019 | 2:26:00 PM | 3:24:00 PM | 0:58 | | | 0:58 | |
| Sunday, July 14, 2019 | | | 0:00 | | | 0:00 | |
| Monday, July 15, 2019 | | | 0:00 | | | 0:00 | |
| Tuesday, July 16, 2019 | 4:45:00 PM | 9:50:00 PM | 5:05 | | | 5:05 | |
| Wednesday, July 17, 2019 | | | 0:00 | | | 0:00 | |
| Thursday, July 18, 2019 | 4:58:00 PM | 10:08:00 PM | 5:10 | | 16.75 | 5:10 | 16.75 |
| Date Unknown | | unknown | | 1 Shift Deleted | | | |
| Date Unknown | | unknown | | 1 Shift Deleted | | | |
| Friday, July 19, 2019 | 5:00:00 PM | 8:30:00 PM | 3:30 | 2:15:00 | 14.45 | 5:45 | 16.70 |
| Saturday, July 20, 2019 | | | 0:00 | | | 0:00 | |
| Sunday, July 21, 2019 | | | 0:00 | | | 0:00 | |
| Monday, July 22, 2019 | 5:01:00 PM | 9:30:00 PM | 4:29 | | | 4:29 | |
| Tuesday, July 23, 2019 | 5:00:00 PM | 9:50:00 PM | 4:50 | | | 4:50 | |
| Wednesday, July 24, 2019 | 4:51:00 PM | 6:29:00 PM | 1:38 | | | 1:38 | |
| Thursday, July 25, 2019 | | | 0:00 | | | 0:00 | |
| Friday, July 26, 2019 | 5:01:00 PM | 11:02:00 PM | 6:01 | | 26.62 | 6:01 | 26.62 |
| Saturday, July 27, 2019 | 2:58:00 PM | 9:01:00 PM | 6:03 | | | 6:03 | |
| Sunday, July 28, 2019 | 10:02:00 AM | 2:43:00 PM | 4:41 | | | 4:41 | |
| Monday, July 29, 2019 | | | 0:00 | | | 0:00 | |
| Tuesday, July 30, 2019 | | | 0:00 | | | 0:00 | |
| Wednesday, July 31, 2019 | 5:25:00 PM | 10:12:00 PM | 4:47 | | | 4:47 | |
| Thursday, August 1, 2019 | 4:46:00 PM | 9:51:00 PM | 5:05 | | | 5:05 | |
| Friday, August 2, 2019 | 5:01:00 PM | 10:32:00 PM | 5:31 | | 20.08 | 5:31 | 20.08 |
| Saturday, August 3, 2019 | 3:02:00 PM | 6:56:00 PM | 3:54 | | | 3:54 | |
| Sunday, August 4, 2019 | 9:57:00 PM | 2:43:00 PM | 4:46 | | | 4:46 | |
| Monday, August 5, 2019 | | | 0:00 | | | 0:00 | |
| Tuesday, August 6, 2019 | 5:31:00 PM | 11:25:00 PM | 5:54 | | | 5:54 | |
| Wednesday, August 7, 2019 | | | 0:00 | | | 0:00 | |
| Thursday, August 8, 2019 | | | 0:00 | | | 0:00 | |
| Friday, August 9, 2019 | 11:25:00 AM | 3:01:00 PM | 3:36 | | 31.05 | 3:36 | 31.05 |
| Friday, August 9, 2019 | 4:33:00 PM | 9:17:00 PM | 4:44 | | | 4:44 | |
| Saturday, August 10, 2019 | 2:10:00 PM | 8:42:00 PM | 6:32 | | | 6:32 | |
| Sunday, August 11, 2019 | 11:07:00 AM | 3:33:00 PM | 4:26 | | | 4:26 | |
| Monday, August 12, 2019 | 11:02:00 AM | 2:45:00 PM | 3:43 | | | 3:43 | |
| Monday, August 12, 2019 | 4:32:00 PM | 7:43:00 PM | 3:11 | | | 3:11 | |
| Tuesday, August 13, 2019 | 11:00:00 AM | 3:51:00 PM | 4:51 | | | 4:51 | |
| Wednesday, August 14, 2019 | | | 0:00 | | | 0:00 | |
| Thursday, August 15, 2019 | | | 0:00 | | | 0:00 | |

| Date | Start | End | Note | Hours | | Weekly Total |
|---|---|---|---|---|---|---|
| Friday, August 16, 2019 | 4:55:00 PM | 9:00:00 PM | | 0:00 | 0:00 | |
| Saturday, August 17, 2019 | 4:30:00 PM | 5:05:00 PM | | 0:00 | 0:00 | |
| Sunday, August 18, 2019 | 5:05:00 PM | 10:03:00 PM | | 4:05 | 4:05 | |
| Monday, August 19, 2019 | 4:02:00 PM | 9:45:00 PM | | 4:58 | 4:58 | |
| Monday, August 19, 2019 | 5:01:00 PM | 8:34:00 PM | | 5:43 | 5:43 | |
| Tuesday, August 20, 2019 | 11:01:00 AM | 1:29:00 PM | | 3:33 | 3:33 | |
| Wednesday, August 21, 2019 | 1:34:00 PM | 2:52:00 PM | | 2:28 | 2:28 | |
| Wednesday, August 21, 2019 | | | | 1:18 | 1:18 | |
| Thursday, August 22, 2019 | | | | | | |
| Date Unknown | | | 1 Shift Deleted | | | 22.67 |
| Friday, August 23, 2019 | 10:31:00 AM | 2:00:00 PM | | 3:29 | 3:29 | |
| Friday, August 23, 2019 | 4:33:00 PM | 9:39:00 PM | | 5:06 | 5:06 | |
| Saturday, August 24, 2019 | | | | 0:00 | 0:00 | |
| Sunday, August 25, 2019 | 10:29:00 AM | 2:55:00 PM | | 4:26 | 4:26 | |
| Monday, August 26, 2019 | | | | 0:00 | 0:00 | |
| Tuesday, August 27, 2019 | | | | 0:00 | 0:00 | |
| Wednesday, August 28, 2019 | | | | 0:00 | 0:00 | |
| Thursday, August 29, 2019 | 4:37:00 PM | 8:57:00 PM | | 4:20 | 4:20 | |
| Date Unknown | | | unknown / 1 Shift Deleted | | | |
| Date Unknown | | | unknown / 1 Shift Deleted | | | 17.35 |
| Friday, August 30, 2019 | 4:59:00 PM | 10:21:00 PM | | 5:22 | 5:22 | |
| Saturday, August 31, 2019 | 5:00:00 PM | 10:10:00 PM | | 5:10 | 5:10 | |
| Sunday, September 1, 2019 | | | | 0:00 | 0:00 | |
| Monday, September 2, 2019 | | | | 0:00 | 0:00 | |
| Tuesday, September 3, 2019 | | | | 0:00 | 0:00 | |
| Wednesday, September 4, 2019 | 5:55:00 PM | 10:08:00 PM | | 4:13 | 4:13 | |
| Thursday, September 5, 2019 | | | | 0:00 | 0:00 | 14.75 |
| Friday, September 6, 2019 | 6:00:00 PM | 10:51:00 PM | | 4:51 | 4:51 | |
| Saturday, September 7, 2019 | 4:58:00 PM | 5:59:00 PM | | 1:01 | 1:01 | |
| Sunday, September 8, 2019 | | | | 0:00 | 0:00 | |
| Monday, September 9, 2019 | | | | 0:00 | 0:00 | |
| Tuesday, September 10, 2019 | | | | 0:00 | 0:00 | |
| Wednesday, September 11, 2019 | | | | 0:00 | 0:00 | |
| Thursday, September 12, 2019 | | | | 0:00 | 0:00 | 5.87 |
| Friday, September 13, 2019 | 5:48:00 PM | 11:59:00 PM | | 6:11 | 6:11 | |
| Saturday, September 14, 2019 | 5:50:00 PM | 11:23:00 PM | | 5:33 | 5:33 | |
| Saturday, September 14, 2019 | 12:53:00 PM | 2:21:00 PM | | 1:28 | 1:28 | |
| Sunday, September 15, 2019 | 11:46:00 AM | 4:05:00 PM | | 4:19 | 4:19 | |
| Monday, September 16, 2019 | 5:54:00 PM | 10:10:00 PM | | 4:16 | 4:16 | |
| Tuesday, September 17, 2019 | | | | 0:00 | 0:00 | |
| Wednesday, September 18, 2019 | 5:32:00 PM | 10:32:00 PM | 0:08:00 | 5:08 | 5:00 | |
| Thursday, September 19, 2019 | | | | 0:00 | 0:00 | 26.78 / 26.92 |
| Friday, September 20, 2019 | 11:56:00 AM | 3:49:00 PM | | 3:53 | 3:53 | |
| Friday, September 20, 2019 | 5:39:00 PM | 11:54:00 PM | | 6:15 | 6:15 | |
| Saturday, September 21, 2019 | 5:59:00 PM | 12:08:00 AM | 0:33:00 | 6:42 | 6:09 | |
| Sunday, September 22, 2019 | 11:51:00 AM | 3:03:00 PM | | 3:12 | 3:12 | |
| Monday, September 23, 2019 | 5:58:00 PM | 9:55:00 PM | | 3:57 | 3:57 | |
| Tuesday, September 24, 2019 | | | | 0:00 | 0:00 | |

| Date | Total | Duration | Adj. | Total | Duration | Start | End |
|---|---|---|---|---|---|---|---|
| Wednesday, September 25, 2019 | | 0:00 | | | 0:00 | | |
| Thursday, September 26, 2019 | 23.98 | 0:00 | | 23.43 | 0:00 | | |
| Friday, September 27, 2019 | | 3:42 | | | 3:42 | 11:51:00 AM | 3:33:00 PM |
| Friday, September 27, 2019 | | 7:29 | | | 7:29 | 4:25:00 PM | 11:54:00 PM |
| Saturday, September 28, 2019 | | 5:11 | | | 5:11 | 5:57:00 PM | 11:08:00 PM |
| Sunday, September 29, 2019 | | 4:20 | | | 4:20 | 5:30:00 PM | 9:50:00 PM |
| Monday, September 30, 2019 | | 1:30 | 0:10:00 | | 1:20 | 5:58:00 PM | 7:18:00 PM |
| Tuesday, October 1, 2019 | | 0:00 | | | 0:00 | | |
| Wednesday, October 2, 2019 | | 0:00 | | | 0:00 | | |
| Thursday, October 3, 2019 | 22.20 | 0:00 | | 22.03 | 0:00 | | |
| Friday, October 4, 2019 | | 5:44 | | | 5:44 | 5:57:00 PM | 11:41:00 PM |
| Saturday, October 5, 2019 | | 0:00 | | | 0:00 | | |
| Sunday, October 6, 2019 | | 0:00 | | | 0:00 | | |
| Monday, October 7, 2019 | | 4:19 | | | 4:19 | 5:50:00 PM | 10:09:00 PM |
| Tuesday, October 8, 2019 | | 0:00 | | | 0:00 | | |
| Wednesday, October 9, 2019 | | 4:49 | | | 4:49 | 5:50:00 PM | 10:39:00 PM |
| Thursday, October 10, 2019 | 14.87 | 0:00 | | 14.87 | 0:00 | | |
| Friday, October 16, 2020 | | 0:00 | | | 0:00 | | |
| Saturday, October 17, 2020 | | 0:00 | | | 0:00 | | |
| Sunday, October 18, 2020 | | 0:00 | | | 0:00 | | |
| Monday, October 19, 2020 | | 0:00 | | | 0:00 | | |
| Tuesday, October 20, 2020 | | 0:00 | | | 0:00 | | |
| Wednesday, October 21, 2020 | | 6:09 | | | 6:09 | 3:54:00 PM | 10:03:00 PM |
| Thursday, October 22, 2020 | 11.07 | 4:55 | | 11.07 | 4:55 | 5:00:00 PM | 9:55:00 PM |
| Friday, October 23, 2020 | | 5:42 | | | 5:42 | 3:56:00 PM | 9:38:00 PM |
| Saturday, October 24, 2020 | | 6:13 | | | 6:13 | 3:51:00 PM | 10:04:00 PM |
| Sunday, October 25, 2020 | | 0:00 | | | 0:00 | | |
| Monday, October 26, 2020 | | 0:00 | | | 0:00 | | |
| Tuesday, October 27, 2020 | | 3:33 | | | 3:33 | 5:30:00 PM | 9:03:00 PM |
| Wednesday, October 28, 2020 | | 4:17 | | | 4:17 | 5:29:00 PM | 9:46:00 PM |
| Thursday, October 29, 2020 | 25.42 | 5:40 | | 25.42 | 5:40 | 4:53:00 PM | 10:33:00 PM |
| Friday, October 30, 2020 | | 5:54 | | | 5:54 | 5:27:00 PM | 11:21:00 PM |
| Saturday, October 31, 2020 | | 0:00 | | | 0:00 | | |
| Sunday, November 1, 2020 | | 0:00 | | | 0:00 | | |
| Monday, November 2, 2020 | | 0:00 | | | 0:00 | | |
| Tuesday, November 3, 2020 | | 4:35 | | | 4:35 | 5:25:00 PM | 10:00:00 PM |
| Wednesday, November 4, 2020 | | 4:13 | | | 4:13 | 5:27:00 PM | 9:40:00 PM |
| Thursday, November 5, 2020 | 19.13 | 4:26 | | 19.13 | 4:26 | 5:03:00 PM | 9:29:00 PM |
| Friday, November 6, 2020 | | 5:47 | | | 5:47 | 5:28:00 PM | 11:15:00 PM |
| Saturday, November 7, 2020 | | 6:12 | | | 6:12 | 3:55:00 PM | 10:07:00 PM |
| Sunday, November 8, 2020 | | 0:00 | | | 0:00 | | |
| Monday, November 9, 2020 | | 0:00 | | | 0:00 | | |
| Tuesday, November 10, 2020 | | 4:41 | | | 4:41 | 5:29:00 PM | 10:10:00 PM |
| Wednesday, November 11, 2020 | | 3:53 | 0:10:00 | | 3:53 | 11:25:00 AM | 3:18:00 PM |
| Wednesday, November 11, 2020 | | 4:28 | | | 4:28 | 5:28:00 PM | 9:56:00 PM |
| Thursday, November 12, 2020 | 30.73 | 5:43 | | 30.57 | 5:33 | 4:56:00 PM | 10:29:00 PM |

| Date | Start | End | Duration | Adj. | Total |
|---|---|---|---|---|---|
| Friday, November 13, 2020 | 5:23:00 PM | 10:54:00 PM | 5:31 | | 5:31 |
| Saturday, November 14, 2020 | 3:56:00 PM | 10:09:00 PM | 6:13 | | 6:13 |
| Sunday, November 15, 2020 | | | 0:00 | | 0:00 |
| Monday, November 16, 2020 | | | 0:00 | | 0:00 |
| Tuesday, November 17, 2020 | 5:27:00 PM | 9:51:00 PM | 4:24 | | 4:24 |
| Wednesday, November 18, 2020 | 11:27:00 AM | 3:04:00 PM | 3:37 | 0:10:00 | 3:47 |
| Wednesday, November 18, 2020 | 5:26:00 PM | 10:11:00 PM | 4:45 | | 4:45 |
| Thursday, November 19, 2020 | 5:01:00 PM | 10:13:00 PM | 5:12 | | 5:12 |
| | | | **29.70** | | **29.87** |
| Friday, November 20, 2020 | 5:24:00 PM | 11:35:00 PM | 6:11 | 0:10:00 | 6:21 |
| Saturday, November 21, 2020 | 5:20:00 PM | 11:01:00 PM | 5:41 | | 5:41 |
| Sunday, November 22, 2020 | 11:22:00 AM | 3:24:00 PM | 4:02 | | 4:02 |
| Monday, November 23, 2020 | | | 0:00 | | 0:00 |
| Tuesday, November 24, 2020 | 5:22:00 PM | 10:42:00 PM | 5:20 | | 5:20 |
| Wednesday, November 25, 2020 | 11:22:00 AM | 3:05:00 PM | 3:43 | | 3:43 |
| Wednesday, November 25, 2020 | 4:51:00 PM | 10:36:00 PM | 5:45 | | 5:45 |
| Thursday, November 26, 2020 | 11:18:00 AM | 8:01:00 PM | 8:43 | 0:15:00 | 8:58 |
| | | | **39.42** | | **39.83** |
| Friday, November 27, 2020 | 5:23:00 PM | 10:13:00 PM | 4:50 | | 4:50 |
| Saturday, November 28, 2020 | 5:24:00 PM | 9:52:00 PM | 4:28 | | 4:28 |
| Sunday, November 29, 2020 | 11:55:00 AM | 2:49:00 PM | 2:54 | 0:10:00 | 3:04 |
| Monday, November 30, 2020 | | | 0:00 | | 0:00 |
| Tuesday, December 1, 2020 | | | 0:00 | | 0:00 |
| Wednesday, December 2, 2020 | 11:20:00 AM | 2:34:00 PM | 3:14 | | 3:14 |
| Wednesday, December 2, 2020 | 4:52:00 PM | 10:08:00 PM | 5:16 | | 5:16 |
| Thursday, December 3, 2020 | 4:52:00 PM | 10:30:00 PM | 5:38 | | 5:38 |
| | | | **26.33** | | **26.50** |
| Friday, December 4, 2020 | 5:20:00 PM | 11:06:00 PM | 5:46 | | 5:46 |
| Saturday, December 5, 2020 | 5:20:00 PM | 10:45:00 PM | 5:25 | | 5:25 |
| Sunday, December 6, 2020 | 10:46:00 AM | 2:50:00 PM | 4:04 | | 4:04 |
| Monday, December 7, 2020 | | | 0:00 | | 0:00 |
| Tuesday, December 8, 2020 | | | 0:00 | | 0:00 |
| Wednesday, December 9, 2020 | 11:21:00 AM | 2:56:00 PM | 3:35 | | 3:35 |
| Wednesday, December 9, 2020 | 4:53:00 PM | 10:23:00 PM | 5:30 | 0:02:00 | 5:32 |
| Thursday, December 10, 2020 | 11:21:00 AM | 3:41:00 PM | 4:20 | | 4:20 |
| Thursday, December 10, 2020 | 5:20:00 PM | 11:15:00 PM | 5:55 | | 5:55 |
| | | | **34.58** | | **34.62** |
| Friday, December 11, 2020 | 5:19:00 PM | 11:20:00 PM | 6:01 | | 6:01 |
| Saturday, December 12, 2020 | 4:51:00 PM | 10:46:00 PM | 5:55 | 0:10:00 | 6:05 |
| Sunday, December 13, 2020 | 11:00:00 AM | 2:36:00 PM | 3:36 | 0:15:00 | 3:51 |
| Monday, December 14, 2020 | | | 0:00 | | 0:00 |
| Tuesday, December 15, 2020 | 11:20:00 AM | 2:50:00 PM | 3:30 | 0:10:00 | 3:40 |
| Wednesday, December 16, 2020 | | | 0:00 | | 0:00 |
| Thursday, December 17, 2020 | 11:21:00 AM | 4:05:00 PM | 4:44 | 0:10:00 | 4:54 |
| Thursday, December 17, 2020 | 5:25:00 PM | 10:37:00 PM | 5:12 | | 5:12 |
| | | | **28.97** | | **29.72** |
| Friday, December 18, 2020 | 5:20:00 PM | 11:04:00 PM | 5:44 | | 5:44 |
| Saturday, December 19, 2020 | 11:50:00 AM | 3:30:00 PM | 3:40 | | 3:40 |
| Sunday, December 20, 2020 | 10:50:00 AM | 3:13:00 PM | 4:23 | | 4:23 |
| Sunday, December 20, 2020 | 4:52:00 PM | 9:33:00 PM | 4:41 | | 4:41 |
| Monday, December 21, 2020 | | | 0:00 | | 0:00 |
| Tuesday, December 22, 2020 | 11:21:00 AM | 2:44:00 PM | 3:23 | | 3:23 |

| Date | Start Time | End Time | Duration | Subtotal | Duration | Adj. | Duration | Total |
|---|---|---|---|---|---|---|---|---|
| Tuesday, December 22, 2020 | 5:20:00 PM | 9:46:00 PM | 4:26 | | 4:26 | | 4:26 | |
| Wednesday, December 23, 2020 | | | 0:00 | | 0:00 | | 0:00 | |
| Thursday, December 24, 2020 | 5:23:00 PM | 10:24:00 PM | 5:01 | 31:30 | 5:01 | | 5:01 | 31:30 |
| Friday, December 25, 2020 | | | 0:00 | | 0:00 | | 0:00 | |
| Saturday, December 26, 2020 | 5:24:00 PM | 10:34:00 PM | 5:10 | | 5:10 | 0:10:00 | 5:20 | |
| Sunday, December 27, 2020 | 10:52:00 AM | 3:49:00 PM | 4:57 | | 4:57 | 0:10:00 | 5:07 | |
| Monday, December 28, 2020 | 4:55:00 PM | 9:31:00 PM | 4:36 | | 4:36 | | 4:36 | |
| Tuesday, December 29, 2020 | 11:22:00 PM | 2:42:00 AM | 3:20 | | 3:20 | 0:10:00 | 3:30 | |
| Wednesday, December 30, 2020 | 4:55:00 PM | 9:54:00 PM | 4:59 | | 4:59 | | 4:59 | |
| Thursday, December 31, 2020 | 5:26:00 PM | 9:55:00 PM | 4:29 | | 4:29 | | 4:29 | |
| | | | 0:00 | 27:52 | 0:00 | | 0:00 | 28:02 |
| Friday, January 1, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Saturday, January 2, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Sunday, January 2, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Sunday, January 3, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Monday, January 4, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Tuesday, January 5, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Wednesday, January 6, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Thursday, January 7, 2021 | 5:24:00 PM | 9:55:00 PM | 4:31 | 4:52 | 4:31 | | 4:31 | 4:52 |
| Friday, January 8, 2021 | 11:51:00 AM | 3:24:00 PM | 3:33 | | 3:33 | 0:10:00 | 3:43 | |
| Friday, January 8, 2021 | 5:19:00 PM | 11:13:00 PM | 5:54 | | 5:54 | | 5:54 | |
| Saturday, January 9, 2021 | 5:51:00 PM | 10:42:00 PM | 4:51 | | 4:51 | | 4:51 | |
| Sunday, January 10, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Monday, January 11, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Tuesday, January 12, 2021 | 11:54:00 AM | 2:57:00 PM | 3:03 | | 3:03 | | 3:03 | |
| Tuesday, January 12, 2021 | 5:25:00 PM | 10:17:00 PM | 4:52 | | 4:52 | | 4:52 | |
| Wednesday, January 13, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Thursday, January 14, 2021 | 5:20:00 PM | 10:10:00 PM | 4:50 | 27:05 | 4:50 | | 4:50 | 23:50 |
| Friday, January 15, 2021 | 11:25:00 AM | 2:28:00 PM | 3:03 | | 3:03 | | 3:03 | |
| Friday, January 15, 2021 | 5:18:00 PM | 11:20:00 PM | 6:02 | | 6:02 | | 6:02 | |
| Saturday, January 16, 2021 | 5:53:00 PM | 11:10:00 PM | 5:17 | | 5:17 | | 5:17 | |
| Sunday, January 17, 2021 | 11:24:00 AM | 3:18:00 PM | 3:54 | | 3:54 | | 3:54 | |
| Sunday, January 17, 2021 | 4:55:00 PM | 10:06:00 PM | 5:11 | | 5:11 | | 5:11 | |
| Monday, January 18, 2021 | 5:25:00 PM | 10:13:00 PM | 4:48 | | 4:48 | | 4:48 | |
| Tuesday, January 19, 2021 | 5:25:00 PM | 11:10:00 PM | 5:45 | | 5:45 | | 5:45 | |
| Wednesday, January 20, 2021 | 10:54:00 AM | 3:23:00 PM | 4:29 | | 4:29 | | 4:29 | |
| Thursday, January 21, 2021 | 5:27:00 PM | 10:54:00 PM | 5:27 | | 5:27 | | 5:27 | |
| Thursday, January 21, 2021 | 5:27:00 PM | 10:54:00 PM | 5:27 | 49:38 | 5:27 | | 5:27 | 49:38 |
| Friday, January 22, 2021 | 2:54:00 PM | 4:01:00 PM | 1:07 | | 1:07 | | 1:07 | |
| Friday, January 22, 2021 | 5:25:00 PM | 11:15:00 PM | 5:50 | | 5:50 | | 5:50 | |
| Saturday, January 23, 2021 | 5:56:00 PM | 11:22:00 PM | 5:26 | | 5:26 | 0:04:00 | 5:30 | |
| Sunday, January 24, 2021 | 11:20:00 AM | 3:22:00 PM | 4:02 | | 4:02 | | 4:02 | |
| Monday, January 25, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Tuesday, January 26, 2021 | | | 0:00 | | 0:00 | | 0:00 | |
| Wednesday, January 27, 2021 | 11:26:00 AM | 2:59:00 PM | 3:33 | | 3:33 | | 3:33 | |
| Wednesday, January 27, 2021 | 5:27:00 PM | 10:29:00 PM | 5:02 | | 5:02 | | 5:02 | |
| Thursday, January 28, 2021 | 11:29:00 AM | 2:47:00 PM | 3:18 | | 3:18 | | 3:18 | |
| Thursday, January 28, 2021 | 5:23:00 PM | 10:29:00 PM | 5:06 | | 5:06 | | 5:06 | |

| Date | Start | End | Duration | Subtotal | Adjustment | Duration | Total |
|---|---|---|---|---|---|---|---|
| Friday, January 29, 2021 | 5:26:00 PM | 11:07:00 PM | 5:41 | | | 5:41 | 33.47 |
| Saturday, January 30, 2021 | 5:27:00 PM | 10:33:00 PM | 5:06 | | | 5:06 | |
| Sunday, January 31, 2021 | 11:24:00 AM | 3:04:00 PM | 3:40 | | | 3:40 | |
| Monday, February 1, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, February 2, 2021 | | | 0:00 | | | 0:00 | |
| Wednesday, February 3, 2021 | 11:21:00 AM | 3:12:00 PM | 3:51 | | | 3:51 | |
| Wednesday, February 3, 2021 | 5:19:00 PM | 11:12:00 PM | 5:53 | | | 5:53 | |
| Thursday, February 4, 2021 | 11:27:00 PM | 4:01:00 PM | 4:34 | | 0:10:00 | 4:44 | |
| Thursday, February 4, 2021 | 5:26:00 PM | 10:11:00 PM | 4:45 | 33.40 | | 4:45 | |
| Friday, February 5, 2021 | 5:55:00 PM | 10:22:00 PM | 4:27 | | | 4:27 | 33.67 |
| Saturday, February 6, 2021 | | | 0:00 | | | 0:00 | |
| Sunday, February 7, 2021 | | | 0:00 | | | 0:00 | |
| Monday, February 8, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, February 9, 2021 | | | 0:00 | | | 0:00 | |
| Wednesday, February 10, 2021 | 11:51:00 AM | 2:55:00 PM | 3:04 | | | 3:04 | |
| Wednesday, February 10, 2021 | 5:24:00 PM | 9:56:00 PM | 4:32 | | | 4:32 | |
| Thursday, February 11, 2021 | 11:22:00 AM | 3:38:00 PM | 4:16 | | | 4:16 | |
| Thursday, February 11, 2021 | 5:26:00 PM | 10:11:00 PM | 4:45 | 33.50 | | 4:45 | |
| Friday, February 12, 2021 | 5:23:00 PM | 11:33:00 PM | 6:10 | | | 6:10 | 21.07 |
| Saturday, February 13, 2021 | 11:59:00 AM | 11:12:00 PM | 11:13 | | 0:20:00 | 11:33 | |
| Saturday, February 14, 2021 | 10:59:00 AM | 11:03:00 PM | 12:04 | | 0:35:00 | 12:39 | |
| Monday, February 15, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, February 16, 2021 | | | 0:00 | | | 0:00 | |
| Wednesday, February 17, 2021 | | | 0:00 | | | 0:00 | |
| Thursday, February 18, 2021 | 11:23:00 AM | 3:36:00 PM | 4:13 | | | 4:13 | |
| Thursday, February 18, 2021 | 5:15:00 PM | 9:50:00 PM | 4:35 | 21.07 | 0:05:00 | 4:40 | |
| Friday, February 19, 2021 | 5:19:00 PM | 10:42:00 PM | 5:23 | | | 5:23 | 39.25 |
| Saturday, February 20, 2021 | 11:55:00 AM | 3:39:00 PM | 3:44 | | | 3:54 | |
| Saturday, February 20, 2021 | 5:12:00 PM | 11:05:00 PM | 5:53 | | 0:10:00 | 5:53 | |
| Sunday, February 21, 2021 | 10:57:00 AM | 3:10:00 PM | 4:13 | | | 4:13 | |
| Monday, February 22, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, February 23, 2021 | | | 0:00 | | | 0:00 | |
| Wednesday, February 24, 2021 | 11:29:00 AM | 4:22:00 PM | 4:53 | | | 4:53 | |
| Thursday, February 25, 2021 | 11:21:00 AM | 4:01:00 PM | 4:40 | | | 4:40 | |
| Thursday, February 25, 2021 | 5:59:00 PM | 10:28:00 PM | 4:29 | 38.25 | | 4:29 | |
| Friday, February 26, 2021 | 2:59:00 PM | 4:00:00 PM | 1:01 | | | 1:01 | 33.42 |
| Friday, February 26, 2021 | 5:33:00 PM | 11:48:00 PM | 6:15 | | | 6:15 | |
| Saturday, February 27, 2021 | 5:29:00 PM | 11:38:00 PM | 6:09 | | | 6:09 | |
| Sunday, February 28, 2021 | 11:04:00 AM | 2:56:00 PM | 3:52 | | | 3:52 | |
| Monday, March 1, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, March 2, 2021 | | | 0:00 | | | 0:00 | |
| Wednesday, March 3, 2021 | 11:19:00 AM | 3:19:00 PM | 4:00 | | | 4:00 | |
| Wednesday, March 3, 2021 | 5:29:00 PM | 10:15:00 PM | 4:46 | | | 4:46 | |
| Thursday, March 4, 2021 | 11:28:00 AM | 2:03:00 PM | 2:35 | | | 2:35 | |
| Thursday, March 4, 2021 | 5:13:00 PM | 10:03:00 PM | 4:50 | 33.25 | | 4:50 | |
| Thursday, March 4, 2021 | 2:59:00 PM | 4:00:00 PM | 1:01 | 33.47 | | 1:01 | 33.47 |

| Date | Start | End | Duration | Adjustment | Adjusted Duration |
|---|---|---|---|---|---|
| Friday, March 5, 2021 | 5:33:00 PM | 11:19:00 PM | 5:46 | 1:33:00 | 7:19 |
| Saturday, March 6, 2021 | 5:27:00 PM | 11:09:00 PM | 5:42 | | 5:42 |
| Sunday, March 7, 2021 | 10:56:00 AM | 3:42:00 AM | 4:46 | | 4:46 |
| Monday, March 8, 2021 | | | 0:00 | | 0:00 |
| Tuesday, March 9, 2021 | 5:28:00 PM | 10:37:00 PM | 5:09 | | 5:09 |
| Wednesday, March 10, 2021 | 5:25:00 PM | 10:47:00 PM | 5:22 | 0:10:00 | 5:32 |
| Thursday, March 11, 2021 | 11:22:00 PM | 3:35:00 PM | 4:13 | 0:10:00 | 4:23 |
| Thursday, March 11, 2021 | 5:58:00 PM | 11:00:00 PM | 5:02 | | 5:02 |
| **Total** | | | **37.02** | | **38.90** |
| Friday, March 12, 2021 | 5:26:00 PM | 11:03:00 PM | 5:37 | 0:20:00 | 5:57 |
| Saturday, March 13, 2021 | 11:49:00 AM | 3:49:00 PM | 4:00 | | 4:00 |
| Saturday, March 13, 2021 | 5:00:00 PM | 11:07:00 PM | 6:07 | 0:07:00 | 6:14 |
| Sunday, March 14, 2021 | 10:59:00 AM | 3:13:00 PM | 4:14 | 0:10:00 | 4:24 |
| Monday, March 15, 2021 | | | 0:00 | | 0:00 |
| Tuesday, March 16, 2021 | 11:29:00 AM | 3:14:00 PM | 3:45 | | 3:45 |
| Tuesday, March 16, 2021 | 5:30:00 PM | 10:13:00 PM | 4:43 | | 4:43 |
| Wednesday, March 17, 2021 | | | 0:00 | | 0:00 |
| Thursday, March 18, 2021 | 11:29:00 AM | 3:13:00 PM | 3:44 | | 3:44 |
| Thursday, March 18, 2021 | 5:02:00 PM | 10:32:00 PM | 5:30 | | 5:30 |
| **Total** | | | **37.67** | | **38.28** |
| Friday, March 19, 2021 | 6:03:00 PM | 11:17:00 PM | 5:14 | | 5:14 |
| Saturday, March 20, 2021 | 3:30:00 PM | 10:29:00 PM | 6:59 | | 6:59 |
| Sunday, March 21, 2021 | | | 0:00 | | 0:00 |
| Monday, March 22, 2021 | | | 0:00 | | 0:00 |
| Tuesday, March 23, 2021 | 11:29:00 AM | 2:36:00 PM | 3:07 | | 3:07 |
| Tuesday, March 23, 2021 | 5:33:00 PM | 10:25:00 PM | 4:52 | 0:06:00 | 4:58 |
| Wednesday, March 24, 2021 | 5:28:00 PM | 10:00:00 PM | 4:32 | | 4:32 |
| Thursday, March 25, 2021 | 11:27:00 PM | 2:51:00 PM | 3:24 | | 3:24 |
| Thursday, March 25, 2021 | 5:32:00 PM | 10:00:00 PM | 4:28 | | 4:28 |
| **Total** | | | **32.60** | | **32.70** |
| Friday, March 26, 2021 | 6:00:00 PM | 11:42:00 PM | 5:42 | 0:12:00 | 5:54 |
| Saturday, March 27, 2021 | 3:31:00 PM | 8:52:00 PM | 5:21 | | 5:21 |
| Sunday, March 28, 2021 | 10:34:00 AM | 3:05:00 PM | 4:31 | | 4:31 |
| Monday, March 29, 2021 | | | 0:00 | | 0:00 |
| Tuesday, March 30, 2021 | 11:32:00 AM | 2:56:00 PM | 3:24 | | 3:24 |
| Tuesday, March 30, 2021 | 5:26:00 PM | 10:31:00 PM | 5:05 | | 5:05 |
| Wednesday, March 31, 2021 | 5:59:00 PM | 11:19:00 PM | 5:20 | | 5:20 |
| Thursday, April 1, 2021 | 11:53:00 PM | 3:22:00 PM | 3:29 | | 3:29 |
| **Total** | | | **32.87** | | **33.07** |
| Friday, April 2, 2021 | | | 0:00 | | 0:00 |
| Saturday, April 3, 2021 | 4:26:00 PM | 10:40:00 PM | 6:14 | | 6:14 |
| Sunday, April 4, 2021 | 10:42:00 AM | 8:58:00 PM | 10:16 | 0:20:00 | 10:36 |
| Monday, April 5, 2021 | 5:31:00 PM | 9:59:00 PM | 4:28 | | 4:28 |
| Tuesday, April 6, 2021 | 12:01:00 PM | 3:14:00 PM | 3:13 | | 3:13 |
| Tuesday, April 6, 2021 | 5:29:00 PM | 11:06:00 PM | 5:37 | | 5:37 |
| Wednesday, April 7, 2021 | 12:02:00 PM | 4:04:00 PM | 4:02 | | 4:02 |
| Wednesday, April 7, 2021 | 5:57:00 PM | 10:11:00 PM | 4:14 | | 4:14 |
| Thursday, April 8, 2021 | 11:31:00 AM | 3:18:00 PM | 3:47 | | 3:47 |
| **Total** | | | **41.85** | | **42.18** |
| Friday, April 9, 2021 | 4:56:00 PM | 12:25:00 AM | 7:29 | | 7:29 |
| Saturday, April 10, 2021 | 11:57:00 PM | 11:50:00 PM | 11:53 | 0:33:00 | 12:26 |
| Sunday, April 11, 2021 | 10:56:00 AM | 4:30:00 PM | 5:34 | | 5:34 |

| Date | In | Out | Hours | Subtotal | Adj | Hours | Subtotal |
|---|---|---|---|---|---|---|---|
| Monday, April 12, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, April 13, 2021 | 12:02:00 PM | 4:02:00 PM | 4:00 | | | 4:00 | |
| Tuesday, April 13, 2021 | 5:33:00 PM | 10:00:00 PM | 4:27 | | | 4:27 | |
| Wednesday, April 14, 2021 | | | 0:00 | | | 0:00 | |
| Thursday, April 15, 2021 | | | 0:00 | 33.38 | | 0:00 | 33.93 |
| Friday, April 16, 2021 | 5:59:00 PM | 11:09:00 PM | 5:10 | | | 5:10 | |
| Saturday, April 17, 2021 | 12:30:00 PM | 3:37:00 PM | 3:07 | | | 3:07 | |
| Saturday, April 17, 2021 | 5:29:00 PM | 10:49:00 PM | 5:20 | | | 5:20 | |
| Sunday, April 18, 2021 | 11:38:00 AM | 3:32:00 PM | 3:54 | | | 3:54 | |
| Monday, April 19, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, April 20, 2021 | 11:57:00 AM | 3:20:00 PM | 3:23 | | 2:06:00 | 5:29 | |
| Tuesday, April 20, 2021 | 5:26:00 PM | 9:57:00 PM | 4:31 | | 0:06:00 | 4:37 | |
| Wednesday, April 21, 2021 | 4:31:00 PM | 9:56:00 PM | 5:25 | | | 5:25 | |
| Wednesday, April 22, 2021 | 11:26:00 PM | 2:52:00 PM | 3:26 | | | 3:26 | |
| Thursday, April 22, 2021 | 5:32:00 PM | 10:24:00 PM | 4:52 | 39.13 | | 4:52 | 41.33 |
| Friday, April 23, 2021 | 5:32:00 PM | 11:16:00 PM | 5:44 | | | 5:44 | |
| Saturday, April 24, 2021 | | | 0:00 | | | 0:00 | |
| Sunday, April 25, 2021 | | | 0:00 | | | 0:00 | |
| Monday, April 26, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, April 27, 2021 | 11:53:00 AM | 2:39:00 PM | 2:46 | | | 2:46 | |
| Tuesday, April 27, 2021 | 5:18:00 PM | 9:59:00 PM | 4:41 | | | 4:41 | |
| Wednesday, April 28, 2021 | 12:01:00 PM | 3:34:00 PM | 3:33 | | 2:00:00 | 5:33 | |
| Wednesday, April 28, 2021 | 5:34:00 PM | 9:56:00 PM | 4:22 | | | 4:22 | |
| Thursday, April 29, 2021 | 11:19:00 PM | 4:04:00 PM | 4:45 | | | 4:45 | |
| Thursday, April 29, 2021 | 5:00:00 PM | 9:28:00 PM | 4:28 | 30.32 | | 4:28 | 32.32 |
| Friday, April 30, 2021 | 5:32:00 PM | 10:45:00 PM | 5:13 | | | 5:13 | |
| Saturday, May 1, 2021 | 12:04:00 PM | 4:09:00 PM | 4:05 | | | 4:05 | |
| Saturday, May 1, 2021 | 5:04:00 PM | 11:08:00 PM | 6:04 | | 0:10:00 | 6:14 | |
| Sunday, May 2, 2021 | 11:03:00 PM | 3:48:00 PM | 4:45 | | | 4:45 | |
| Monday, May 3, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, May 4, 2021 | 11:55:00 AM | 3:18:00 PM | 3:23 | | | 3:23 | |
| Wednesday, May 5, 2021 | 5:32:00 PM | 10:47:00 PM | 5:15 | | 0:10:00 | 5:25 | |
| Thursday, May 6, 2021 | 11:34:00 AM | 2:52:00 PM | 3:18 | | | 3:18 | |
| Thursday, May 6, 2021 | | | 0:00 | 32.05 | | 0:00 | 32.38 |
| Friday, May 7, 2021 | 5:32:00 PM | 11:41:00 PM | 6:09 | | | 6:09 | |
| Saturday, May 8, 2021 | 11:31:00 PM | 3:37:00 PM | 4:06 | | | 4:06 | |
| Saturday, May 8, 2021 | 4:48:00 PM | 12:11:00 AM | 7:23 | | | 7:23 | |
| Sunday, May 9, 2021 | 10:46:00 AM | 10:18:00 PM | 11:32 | | | 11:32 | |
| Monday, May 10, 2021 | | | 0:00 | | | 0:00 | |
| Tuesday, May 11, 2021 | 11:34:00 AM | 2:41:00 PM | 3:07 | | | 3:07 | |
| Tuesday, May 11, 2021 | 5:34:00 PM | 11:25:00 PM | 5:51 | | | 5:51 | |
| Wednesday, May 12, 2021 | 11:40:00 AM | 3:16:00 PM | 3:36 | | | 3:36 | |
| Wednesday, May 12, 2021 | 4:31:00 PM | 11:48:00 PM | 7:17 | | | 7:17 | |
| Thursday, May 13, 2021 | 11:41:00 AM | 3:16:00 PM | 3:35 | | | 3:35 | |
| Thursday, May 13, 2021 | 4:32:00 PM | 11:59:00 PM | 7:27 | 60.05 | | 7:27 | 60.05 |
| Friday, May 14, 2021 | 11:29:00 AM | 12:39:00 AM | 13:10 | | 0:15:00 | 13:25 | |
| Saturday, May 15, 2021 | 3:38:00 PM | 10:55:00 PM | 7:17 | | | 7:17 | |
| Sunday, May 16, 2021 | 10:46:00 AM | 3:31:00 PM | 4:45 | | | 4:45 | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Monday, May 17, 2021 | 5:29:00 PM | 11:16:00 PM | 0:00 | | | 0:00 | |
| Tuesday, May 18, 2021 | 11:44:00 AM | 10:54:00 PM | 5:47 | | | 5:47 | |
| Wednesday, May 19, 2021 | 11:42:00 AM | 4:21:00 PM | 11:10 | | 0:30:00 | 11:40 | |
| Thursday, May 20, 2021 | 5:20:00 PM | 9:00:00 PM | 4:39 | | 0:59:00 | 4:39 | |
| Thursday, May 20, 2021 | | | 3:40 | | | 4:39 | |
| | | | 50:47 | | | 52:20 | |