**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **NATHALY CORTEZ, individually and on behalf of similarly situated individuals** | § § § | |
| **Plaintiff** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:21-cv-03991** |
| **CASA DO BRASIL, LLC** | § § | |
| **Defendant** | § § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO**
**AUTHORIZE NOTICE TO SIMILARLY SITUATED WORKERS**

Plaintiff Nathaly Cortez ("Cortez") submits this Reply Brief in Support of her Motion to Authorize Notice to Similarly Situated Workers (the "Motion"). Defendant has admitted that there are similarly situated individuals who may participate in this case. Defendant have not challenge Plaintiff's contention that CSR participated in the tip pool.  Defendant is taking the position that CSRs are properly included in the tip pool. *See* ECF No. 50 Page. 19.

**A. Defendant admitted that they deducted cash from the tip pool.**

Defendant has admitted that they deducted cash tips from Tipped Employees. *See* ECF No. 7 ¶ 6, 26, and 52 "Plaintiff is correct that Defendant has acknowledged that it took deductions from the cash tip box on a very limited number of occasions." *See* ECF No. 50 p. 17, at 15 "Defendant required that cash tips collected from customers be placed in a cash box, so that they could be divided at the end of the shift pursuant to the tip pool by a representative of the Servers and Gauchos." *See* ECF 50 p. 17 Since all cash tips were kept in a cash box and distributed at the end of the shift, any deductions by Casa for mistakes or walkouts affected all Servers, Bartenders, and Gauchos who worked that shift. The parties clearly disagree on the frequency of the tip pooling

1

violations but Casa's policy of deductions from the tip pool is not challenged. This admission of tip pooling violation clearly demonstrated that Plaintiff and the servers, bartenders, and Gauchos are similarly situated individuals. The defendant lacks any legal authority that the court must determine consider some type of metric on the frequency of tip pooling violation before authorizing notice to similarly situated workers.

### B. Are CSRs Managers

There is no challenge to the Plaintiff's position and Mr. Gottardo's testimony verified that through the inclusion of CSRs in the tip pool, CSRs received tips from customers they did not serve during their shifts. If the facts of this case establishes that the CSR are managers, then Casa violated the FLSA by permitted the CSRs to participate in the tip pool. The legal issues and the factual considerations that are material to consideration of the question of whether Plaintiff is similarly situated to other servers, bartenders, and Gaucho is whether or not the CSR are manager or proper tipped employees. *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). The evidence related to the Court's material factual considerations include:

| Factual Contention | Plaintiff, Nathaly Cortez's Contention | Ref. | Defendant, Casa do Brasil's Contention | Ref. |
|---|---|---|---|---|
| **Are the CSR salaried?** | A review of the pay summary for the sample CSR shows that they were paid approximately the same amount each week. | ECF No. 45-28 Regis Cerutti Pay Stubs; ECF No. 45-29 Jocemar Suzin Pay Stubs; ECF No. 45-30 Jocemar Suzin Pay Summary; ECF No. 45-31 Cameron Rogneby Pay Stubs; | Defendant contends that CSR's were paid hourly. | ECF No. 50 p. 21 |

2

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

| | | ECF No. 45-32 Cameron Rogneby Pay Summary; and ECF No. 45-15 Gottardo Dep. 136:18-20 | | |
|---|---|---|---|---|
| **Can CSRs Recommend or Hire and Fire** | Plaintiff contends the CSRs were able to make recommendations for a new hire based on interviewing and testing the Tipped Employees during training. | ECF No. 45-2 Cortez Dec. ¶ 34, and 35. ECF No. 45-11 Candiani Dec.; ECF No. 45-14 Rogneby Dep. 17:22-25, 18:1-2; 18:8-13. | Defendant contends that information provided to a Manager or Assistant Manager by an employee, including a CSR, regarding an individual may be considered by a Manager or Assistant Manager in making a decision regarding the hiring, disciplining, promoting, paying or firing of an individual, but it is not given any weight as a suggestion or recommendation. | ECF No. 50-6 Declaration of Cameron Rogneby |
| | Mr. Gottardo testified that CSRs are required to certify staff as having completed the training necessary to begin their work as servers. | ECF No. 45-15 Gottardo Dep. 91:7-10 and ECF No. 45-2 Cortez Dec. ¶ 35, ECF No. 45-11 Candiani Dec. ¶ 8. | | |

3

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

| CSRs managed the restaurant | CSRs were assigned to manage areas of the restaurant and would be the sole supervisor after the manager left for the day. | See ECF No. 45-2 Cortez Dec. ¶ 32-33; ECF No. 45-11 Candiani Dec. 7; ECF No. 45-12 Felan Dec. ¶ 21. | Defendant contends that CSRs' primary duty is not the management of Defendant's restaurant or a department thereof. The Declarations of Mr. Gottardo and Mr. Rogneby contend that CSRs have no management authority, although they may assist with certain functions if requested and authorized by a manager. | ECF No. 50-1 at 2-3; ECF No. 50-6 at 1-3 |
|---|---|---|---|---|
| **Did the CSR regularly directs the work of two or more employees** | CSRs were assigned to supervise and manage areas of the restaurant, they were in charge of directing multiple servers, bartenders, and Gauchos at a time. | See ECF No. 45-2 Dec. ¶ 32; ECF No. 45-11 Candiani Dec. ¶ 9; ECF No. 45-12 Felan Dec. ¶ 22 | At most, CSRs relay instructions from a manager to other employee; they do not have the authority to direct such employees. | ECF No. 50-1 at 3; ECF No. 50-6 at 2-3 |
| **Casa Do Brasil allowed the CSR to retain tips from customers who they did not directly and solely service** | Plaintiff contends that since CSR's participated in the tip pool, CSRs received tips from customers they did not directly and solely provide services to. | See ECF No. 45-2 Cortez Dec. ¶ 46; ECF No. 45-11 Candiani Dec. ¶ 11, ECF No. 45-12 Felan Dec. ¶ 23. | None | |

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

| | Mr. Gottardo testified that through the inclusion of CSRs in the tip pool, CSRs received tips from customers they did not serve during their shifts. | ECF No. 45-15 Gottardo Dep. 53: 17-20, 99: 7-17 | | |
|---|---|---|---|---|

**C.  The Plaintiff is Similarly Situated to all of Casa's Servers, Bartenders, and Gauchos**

Defendant's response and declarations do not provide sufficient evidence or legal argument to justify denying notice. Cameron Rogneby's declaration discusses that he received proper tip notice and as a manager he did see any cash taken from the cash tips for mistakes. Rogneby's personal experience may not be shared by Servers, Bartenders, and Gaucho who worked on different days or shifts. *See* ECF No. 50-6 The declarations from Gottardo, Rogneby, and Belnap contain support for why Casa made time edits but does not eliminate the fact that the time edits were abused to minimize overtime. Casa's strongest rebuke that CSR are not managers is Rogneby's declaration:

> "CSRs and other employees may report information to a Manager or Assistant Manager who has the authority to hire, discipline, promote or fire employees. CSRs do not have the authority to suggest or recommend that an individual be hired or that an employee be disciplined, promoted, given a compensation increase or terminated. Information provided to a Manager or Assistant Manager by an employee, including a CSR, regarding an individual may be considered by a Manager or Assistant Manager in making a decision regarding the hiring, disciplining, promoting, paying or firing of an individual, but it is not given any weight as a suggestion or recommendation."

*See* ECF No. 50-6 at 12

This statement could go either way but tilts slightly in the Plaintiff's favor in that the CSR's recommendations are considered in hiring and firing.

Defendant claims that CSR's are not paid a salary, but as demonstrated in Plaintiff's

5

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

Motion, specifically, exhibits 20A and 21A, we see that CSR's were paid a consistent amount regardless of their hours worked. *See* ECF Nos. 45-30 and 45-32 Corporate Representative Jarbas Gottardo also contradicts what he said during his sworn testimony, and in his declaration, *See* ECF No. 50-1. In his deposition, Mr. Gottardo stated that the "Miscellaneous earnings is something that we would pay the extra for Mr. Cerutti [when was employed as a CSR]." *See* ECF No. 45-15 p. 62 Mr. Gottardo later stated that miscellaneous earnings "came from credit card tips" and was paid "because we guarantee then this amount of money". *See* ECF No. 45-15 p. 64 This sounds like a salary for CSR.

Casa makes the plaintiff's point that CSRs are salaried in Mr. Gottardo's Declaration (ECF No. 50-1). He says that "all CSRs are guaranteed that their hourly pay and credit card tips would equal at least a certain amount per hour…" Mr. Gottardo intentionally did not admit during the deposition that the miscellaneous payment to CSR's was to equal a certain amount. Although they are still claiming that CSR's were paid hourly, that is not true. The Pay Summaries in ECF Nos. 45-30 and 45-32 show that CSR's were paid the same regardless of the number of hours worked.

Casa admits that they edited the time records but only to correct forgotten clock in's and clock out's.  Casa does not challenge the fact that the CSR participated in the tip pool.

The court does not need to make a finding on all of these factual issues now. The court can issue notice in light of common factual issues that affects the plaintiff and similarly situated servers, bartenders, and Gauchos.  There are two common issues that can be addressed by the Court during the course of this litigation.

1. Are CSR managers?

2. Did Casa abuse their time edit privileges to reduce overtime?

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

## II.    CHANGES TO THE ISSUANCE OF NOTICE

Defendants suggested edits to the proposed notice is acceptable to the Plaintiff. *See* Exhibit 1–Proposed Notice Redline.   Plaintiff agrees to Defendant's suggestions that email and text messages reflect the language of the proposed notice. Plaintiff is withdrawing her request to make reminder calls before the end of the opt-in period.

## III.    PRAYER

WHEREFORE, Plaintiff Nathaly Cortez prays that the Court grant her Motion for Notice to Similarly Situated Workers and for such other and further relief to which she may be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

/s/ Trang Q. Tran

TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF and similarly situated individuals**

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was

forwarded on October 18, 2022, to all counsel of record via the Court's CM/ECF system.


/s/ *Trang Q. Tran*
Trang Q. Tran

*Plaintiff's Reply Brief in Support of Motion to Authorize Notice To Similarly Situated Workers*