IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals | § § § § | |
| Plaintiff | § § | |
| v. | § § § | CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC | § § § | |
| Defendant | § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE IN SUPPORT OF PLAINTIFFS' MOTION TO AUTHORIZE NOTICE**

COMES NOW, Defendant Casa do Brasil, LLC ("Defendant") and files this its Reply to Plaintiff's Response to Defendant's Objections to and Motion to Strike Plaintiff's Evidence in Support of Plaintiffs' Motion to Authorize Notice to Potential Plaintiffs (the "Response", [Dkt No. 54]), and in support thereof would respectfully show the Court as follows:

I.   **INTRODUCTION**

Plaintiff Cortez and Opt-in Plaintiffs Felan and Candiani (collectively, the "Plaintiffs") argue that the declarations filed by them in support of the Motion to Authorize Notice to Potential Plaintiffs [Dkt. No. 45] are based entirely on each Plaintiff's personal knowledge. Plaintiff does not, however, respond to any of Defendant's other objections, including that certain specified statements made in the declarations constitute improper legal conclusions, are misleading, misconstrue the facts of the case, and, in the case of Plaintiff Cortez, are inconsistent with Plaintiff Cortez's deposition testimony. Rather than refuting Defendant's objections or

1

providing support for objectionable statements made within the declarations, Plaintiffs' motion continues to misstate the record, mislead the Court, and misrepresent legal authority.

## II.     ARGUMENT AND AUTHORITIES

### A.     Plaintiff Relies on the Relaxed Pre-*Swales* Standard and Cites No Post-*Swales* Authority

As has been thoroughly argued by Defendant in both Defendant's Response to Plaintiff's Motion to Authorize Notice to Potential Plaintiffs and Brief In Support [Dkt. No. 50] and Defendant's Objections to and Motion to Strike Plaintiffs' Evidence in Support of Motion to Authorize Notice [Dkt. No. 48 (the "Motion")], the Fifth Circuit's ruling in *Swales v. KLLM Transport Services, Inc.*, 985 F.3d 430, 443 (5th Cir. 2021), has eliminated the conditional certification procedure in the Fifth Circuit such that all motions to certify a collective action under the FLSA are now filed after the parties have conducted discovery, and, as a result, raised the evidentiary standard to the standard formerly applied by courts at the second step of *Lusardi*. (*See* Dkt. No. 50 at 6-8; Dkt. No. 48 at 1-2; *Roberts v. Baptist Healthcare Sys., LLC*, No. 1:20-CV-00092, 2022 U.S. Dist. LEXIS 160236, *7-8 (E.D. Tex. Aug. 9, 2022); *Aguirre v. Tastee Kreme # 2*, Civ. Action No. H-16-2611, 2017 U.S. Dist. LEXIS 83327, *11 (S.D. Tex. May 31, 2017) (In applying the sham affidavit standard, the court held that "the best course of action is to *not* consider any of the statements that clearly conflict with [Plaintiff's] deposition testimony when determining whether the motion to conditionally certify the collective action should be granted.")).  Despite extensive briefing in this case detailing the effect of *Swales*, Plaintiffs continue to cite to pre-*Swales* cases that impose a lower burden upon Plaintiffs related to pre-discovery *conditional* certification. The relaxed *Lusardi* standard is no longer applicable to the Court's consideration of the merits of Plaintiffs' Motion or to the evidence presented in support of it.

### B. Plaintiffs Fail to Establish They Have Personal Knowledge As Required and Continue to Misstate Testimony and Misconstrue the Record

Plaintiffs' cited authority additionally is on the premises that Plaintiffs share the same experiences with "all servers" leading their "declarations [to be] based on personal knowledge," Plaintiffs cite in support of this a case where the plaintiff was able to "glean personal knowledge of the practices of that organization by participating in those practices or reviewing the organization's records." (*See* Dkt. No. 54 at 4, n.5). However, Plaintiffs already stated they did not work as gauchos, did not assert that they spoke to the gauchos as they relied on their "fellow co-workers employed as servers," and did not provide any allegations that they relied on records of gauchos when preparing their declarations. (*See* Dkt. No. 54 at 3).[1] Therefore, Plaintiffs do not even meet their own asserted threshold.

Despite Defendant's objections to Plaintiffs' attempts to misconstrue the record and restate previously sworn facts in their declarations, Plaintiffs continue to do so in their Response. Despite having testified that she never worked as a gaucho, Plaintiff Cortez continues to state that "she, along with the other Plaintiffs, worked as server, bartender, or "gaucho" at Defendant's restaurant." (*See* Dkt. No. 54 at 3). In support of this allegation, Plaintiffs cite to the filed Complaint [Dkt. No. 1], which includes mere allegations. Further, Plaintiffs' own declarations, in statements as to which Defendant has not raised objections, show that, while all three Plaintiffs worked as servers, and Plaintiff Felan worked as a bartender, <u>none worked as a gaucho</u>, leading Plaintiffs to have once again misconstrued facts. While Plaintiffs additionally argue that such personal knowledge regarding the job duties or pay particularities of gauchos could have come

---

[1] Plaintiffs state that Defendant has not provided records for Opt-in Plaintiffs Candiani and Felan. However, the Opt-in Plaintiffs filed notice of consent forms on September 17 and 19, 2022. Plaintiffs filed their Motion to Authorize Notice to Potential Plaintiffs [Dkt. No. 45] on September 21, 2022, only one business day later. Despite ongoing communications between the Parties in an attempt to amend the Joint Stipulation [Dkt. No. 29] in order to allow for such discovery and provide a reasonable deadline, such agreement has not been reached. Furthermore, Plaintiffs could have relied upon the Anonymized Data, which included data for one bartender and two gauchos, in supporting their declarations, but chose not to. (*See* Dkt. No. 50, at 9, n.2).

from personal conversations, Plaintiffs also state that they "have personal knowledge based on their own observations and conversations with their fellow co-workers employed as servers," and do not even claim to additionally rely on conversations with bartenders or, more importantly, gauchos. (*See* Dkt. No. 54 at 3).

As such, the mere conclusory statements offered by Plaintiffs are not enough to meet the new standard under *Swales*. *Helgason v. Perry's Rests., Ltd.*, Civ. Action No. 3:20-CV-1573-S, 2021 U.S. Dist. LEXIS 218134 (N.D. Tex. Nov. 10, 2021) ("under the more lenient conditional certification standard, declarations submitted by employees must be based on personal knowledge . . . [a]nd **the current *Swales* standard is even more demanding, as courts are instructed to rigorously scrutinize the realm of similarly situated workers.**" (citations omitted) (emphasis added)); *Lopez-Gonzales v. Ramos*, Civ. Action No. 2:20-CV-061-Z, 2021 U.S. Dist. LEXIS 140943, at *11-12 (N.D. Tex. July 28, 2021) ("the Court finds the declarations submitted by Plaintiffs contain only conclusory allegations that the servers at other [] restaurants are similarly situated. Courts have consistently held that conclusory allegations are insufficient under the former conditional certification **and the new *Swales* standard.**" (citations omitted) (emphasis added)) (citing in part *Tussing v. Quality Res., Inc.*, No. 8:09-cv-1833 T-26AEP, 2009 U.S. Dist. LEXIS 110190, at *2-3 (M.D. Fla. Nov. 25, 2009) (denying certification where "Plaintiffs' six affidavits are not substantial and detailed enough to satisfy this Court that a reasonable basis exists for conditional certification")).

### C. Plaintiffs Attack the Form of Defendant's Objections Under the Federal Rules of Evidence Rather than Refuting the Substance of Such Objections

In addition to objecting specifically to those statements in Plaintiff Cortez's Declaration that were contradictory to her earlier sworn deposition testimony, Defendant asserted certain common objections under the Federal Rules of Evidence (lack of personal knowledge, FED. R.

EVID. 602, 701; lack of foundation, FED. R. EVID. 901; misleading or speculative, FED. R. EVID. 403, 701; improper legal conclusion, FED. R. EVID. 403; and hearsay, FED. R. EVID. 801 *et seq.*). Plaintiffs appear to indicate that they do not comprehend Defendant's objections and, instead, continue to assert, without any applicable post-*Swales* authority, that such statements are based in Plaintiffs' personal knowledge under the relaxed pre-*Swales* standard of evidence. For example, Plaintiff Cortez has testified regarding her personal observation that her time records were modified and that, to the extent her hours worked during a particular workweek when she worked overtime were reduced, her overtime was reduced. However, without some additional foundation through her testimony, other individuals' alleged reasons and/or motivations for any editing of her time cannot be within her personal knowledge, and it is not within her personal knowledge to state that the *reason* why such time was shaved was "to avoid paying [her] overtime." (*See* Dkt. No. 54 at 5-6, ¶. 2).[2]

Additionally, Plaintiffs offer no explanation, argument, or authority for the differences between Plaintiff Cortez' deposition testimony and the objected-to portions of her declaration. (*See* Dkt. No. 48 at 3, n.3; 5). Rather than provide a defense to the objections raised by Defendant, including any defense to the conflicts between her deposition testimony and her declaration, Plaintiffs respond in conclusory fashion that Defendant's objections are mere boilerplate or have no basis. (*See* Dkt. No. 54 at 7 ¶¶ 8-10; *see* Dkt. No. 54 at 5, 7-12).

---

[2] In support of such allegation, Plaintiff Cortez cites to her deposition, at 146:16-147:12. Such lines directly reflect the exact issue raised by Defendant: when asked if she recalls an instance where she reported her time records as incorrect, Plaintiff Cortez states "I don't recall." Plaintiff Cortez additionally cites to her deposition at 149:1-150:16, where again she is asked whether she can "recall having a discussion" regarding time changes, and responds "I don't have recollection." Her failure to remember such conversation does not serve as evidence that it did not take place. *See, e.g., Guillory v. PFB Mgmt., LP*, No. H-11-4377, 2013 U.S. Dist. LEXIS 39484, at *15 (Feb. 27, 2013) (*see* Dkt. No. 50 at 13).

### D. Defendant Objected to Specific Evidence As Required

Plaintiffs cite three cases in support of their argument that Defendant's objections are insufficient and unsupported. None of the cases cited actually support such allegation, as all relate to the obligation for the objecting party to specifically identify the evidence to which it objects. While *United States v. Avants* states that "[e]videntiary objections must be specific," the court cites FED. R. EVID. 103(a)(1), which requires only that the party has "state[d] the specific ground, unless it was apparent from the context," and *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998) requires that a trial court judge be fully apprised of the grounds of an objection. Both of these standards relate to the preservation of error when evidence is admitted over objection. *Avants*, 367 F.3d 433, 445 (5th Cir. 2004). The Northern District of Texas in *Anderson v. Dallas Cty., Texas*, Civil Action No. 3:05-CV-1248-G, 2007 U.S. Dist. LEXIS 28702 does not provide support on the page cited by Plaintiffs, but does hold that while the "defendant makes several additional objections to the report, arguing that it contains hearsay, hearsay within hearsay, conclusory statements, speculation and improper opinion testimony . . . defendant does not point to any specific statements within the lengthy report that are objectionable." *Anderson*, 2007 U.S. Dist. LEXIS 28702 at *13, n.2. The court further clarified that "[a]ccordingly, these objections do not comply with Federal Rule of Evidence 103(a)(1), which requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken." *Id.* at *13, n.2; *14, n.3; *16, n.5.

The last case cited by Plaintiffs holds that the plaintiff's motion to strike was insufficient as "[i]t is unclear which specific sentences or statements in any of the affidavits the plaintiff believes should be stricken." *Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006). The court found that "[t]he plaintiff simply provides a list of the paragraphs she wishes to challenge and the vague assertion that the information contained in those paragraphs is 'based on

inadmissible hearsay' and the paragraphs 'are laced with conclusory, self-serving statements that are inadmissible,'" which did not meet the standard under "Federal Rule of Evidence 103(a)(1) [which] requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken." *Id.* (citations omitted).

The cases cited by Plaintiffs address only the specificity of objections, not the substance of the objections made. Plaintiffs do not claim that Defendant has failed to specify the statements to which it objects, nor do Plaintiffs claim that they cannot identify the grounds of the objections in Defendant's Motion. As Defendant quoted each statement in each declaration to which it objected and cited to each paragraph and line within Plaintiff Cortez's deposition to which it cited, it did not "require[] the court to review large quanta of evidence to ferret out inadmissible statements," but "detail[ed] the specific evidence . . . and stat[ed] the specific grounds upon which each piece of evidence should be stricken." *Id.*

### III.     CONCLUSION

Plaintiffs fail to actually put forth a defense for their objected-to statements and rely merely on improper authority, misstated law, and more conclusory allegations. Rather than look to the records, Plaintiffs double-down on their declarations without any actual support and without addressing all objections made by Defendant. As a result, Defendant asks that the objections identified in its Motion to Strike be sustained, that those items to which Defendant objected be stricken and that such items be given no evidentiary consideration by the Court.

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court grant Defendant's Motion to Strike, sustain Defendant's objections, strike the above-cited

evidence submitted by Plaintiff, and grant such other and further relief to which Defendant is justly entitled.

        Respectfully submitted,

        */s/ Ramon D. Bissmeyer*
        **Ramon D. Bissmeyer**
        State Bar No. 00787088
        So. Dist. No. 17446
        **DYKEMA GOSSETT PLLC**
        112 East Pecan Street, Suite 1800
        San Antonio, Texas 78205
        Telephone:  (210) 554-5500
        Facsimile:  (210) 226-8395
        Email:  rbissmeyer@dykema.com

        and

        **Elizabeth A. Voss**
        State Bar No. 24075160
        So. Dist. No. 1241751
        **DYKEMA GOSSETT PLLC**
        1717 Main Street, Suite 4200
        Dallas, Texas 75201
        Telephone:  (214) 462-6400
        Facsimile:  (214) 462-6401
        Email:  evoss@dykema.com

        **ATTORNEYS FOR DEFENDANT**
        **CASA DO BRASIL, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 8, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Trang Q. Tran
Tran Law Firm
2537 S. Gessner Suite 104
Houston, Texas 77063
Trang@tranlf.com
service@tranlf.com

                                                 */s/ Ramon D. Bissmeyer*
                                                 Counsel for Defendant