IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHALY CORTEZ, individually and on behalf of similarly situated individuals, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-03991 |
| CASA DO BRASIL, LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S UNOPPOSED BRIEF ON
## CONFIDENTIALITY OF FLSA SETTLEMENT AGREEMENTS

Defendant Casa do Brasil, LLC ("Defendant") files this Unopposed Brief on Confidentiality of FLSA Settlement Agreements pursuant to the Court's Minute Entry of May 3, 2023. Respectfully, Defendant shows as follows:

### I.     INTRODUCTION

The Parties signed the Settlement Agreement and Release in this case (the "Settlement Agreement") in April 2023. Plaintiff filed a stipulation of dismissal with prejudice pursuant to FED. R. CIV. P. 41(a)(1)(A)(ii), titled Plaintiffs' Unopposed Motion for Dismissal with Prejudice on April 20, 2023 [ECF No. 92]. Per the Court's Order dated April 21, 2023 [ECF No. 93], a copy of the Settlement Agreement was mailed to the Court. A hearing was then held on May 2, 2023, after which the Court ordered the Parties to submit briefing on the confidentiality of the Settlement Agreement and of the settlement of claims under the Fair Labor Standards Act ("FLSA") more generally. Defendant files this Brief, to which Plaintiff Nathaly Cortez ("Plaintiff") is not opposed, on the issue of the confidentiality of the Settlement Agreement.

## II.     LEGAL AUTHORITIES AND ARGUMENT

As a general matter, settlement of disputes, including FLSA disputes, is highly favored. *See Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement."); *see also, Thomas v. State of La.,* 534 F.2d 613, 615 (5th Cir. 1976) ("Settlement agreements have always been a favored means of resolving disputes.") (citation omitted). Confidentiality provisions are often an essential term of settlement agreements. *See, e.g., Grove Fresh Dist., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1441 (N.D. Ill.1995), aff'd 134 F.3d 374, cert. denied 525 U.S. 877 (1998). The FLSA does not expressly bar confidentiality provisions in settlement agreements. *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008, 2016 U.S. Dist. LEXIS 12871 at *6 (S.D.N.Y. Feb. 3, 2016). Courts may exercise their discretion to maintain confidentiality, including by sealing confidential FLSA settlement agreements which are filed in such courts. *See, e.g., Cook v. Flight Servs. & Sys.*, 2019 U.S. Dist. LEXIS 99129, at *6 (E.D. La. June 13, 2019).

In the Fifth Circuit, judicial approval of private settlements of bona fide disputes under the FLSA is not required under *Martin v. Spring Break '83 Prods., LLC* and its progeny. 688 F.3d 247, 255 (5th Cir. 2012). Judicial review of a private settlement agreement negotiated by experienced attorneys reflecting an arms' length compromise of disputed claims focuses on whether the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *See, e.g., Howe v. Ilia Nuclear Servs.*, No. 5:21-cv-00443-XR, 2022 U.S. Dist. LEXIS 87419, at *3 (W.D. Tex. Mar. 9, 2022) (quotation omitted). However, as the reach of *Martin* is unclear, many district courts in the Fifth Circuit have continued to review settlement agreements to ensure they are fair and reasonable. *See, e.g., Jasso v. HC Carriers, LLC*, 5:20-CV-212, 2022 U.S. Dist. LEXIS 207403, at *7 (S.D. Tex. Oct. 19, 2022). In doing so, courts

keep in mind the strong presumption in favor of finding a settlement fair. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (citing *Cotton*, 559 F.2d at 1331). With regard to confidentiality, the review is focused on whether the agreement contains "a battery of highly restrictive confidentiality provisions." *Graciela v. Levya*, No. 1:19-CV-683-RP, 2020 U.S. Dist. LEXIS 72030, at *3 & n.1 (W.D. Tex. Apr. 23, 2020) (citation omitted). Even where confidentiality provisions are subjected to additional scrutiny, courts have found specific confidentiality provisions to be appropriate based on the circumstances of a particular case. *See, e.g., Alden v. Black Gold Rental Tools, Inc.*, No. 2:18-CV-215, 2019 U.S. Dist. LEXIS 212457, at *4 (S.D. Tex. Nov. 21, 2019). This Court and others in the Fifth Circuit have regularly approved confidential settlement agreements, and the confidentiality provisions in the Parties' Settlement Agreement do not present any reason to depart from this practice.

### A. Fifth Circuit's Precedent Authorizes Private Settlements Without Need for Court Approval and Without Regard to Confidentiality Provisions.

A line of authority has developed in the Fifth Circuit which holds that, while some FLSA settlement agreements require court approval, "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin*, 688 F.3d at 255 (quoting *Martinez v. Bohls Equip. Co.*, 361 F. Supp. 2d 608, 634 (W.D. Tex. 2005) (quotations omitted)). Notably, *Martin* does not require that a private settlement must not include confidentiality provisions.

The Fifth Circuit then laid out requirements for a private settlement agreement to be enforceable: the plaintiff's claims must be "validated through settlement of a bona fide dispute" and there must be no danger of disadvantaging employees by requiring them to inadvertently waive their rights. *Martin,* 688 F.3d at 256-57 ("[T]the same reason for enforcing a court-

3

approved agreement i.e., little danger of employees being disadvantaged by unequal bargaining power, applies here.") (citing *Thomas*, 534 F.2d at 615). In *Martin*, the Fifth Circuit held these standards were met when the settlement payments were for the amounts due and owing to the plaintiffs, the plaintiffs had been represented by counsel, and the plaintiffs had adequate ability to review the settlement agreement. *Martin*, 688 F.3d at 256-57 n. 10.

As numerous courts have stated, "[t]he reach of *Martin* and its progeny is somewhat unclear." *Graciela*, 2020 U.S. Dist. LEXIS 72030 at *4 (quoting *Trevino v. Colt Oilfield Servs., LLC*, 2019 U.S. Dist. LEXIS 143315, at *3 (W.D. Tex. May 6, 2019)). In determining that judicial review of FLSA settlements is required because it is not clear that a case falls within the scope of *Martin*, courts rely on the case *Lynn's Food Stores, Inc. v. United States*, in which the Eleventh Circuit held that FLSA claims could be settled only through a payment supervised by the Secretary of Labor or judicial approval of a stipulated settlement. 679 F.2d 1350, 1352-53 (11th Cir. 1982). However, as explained by Judge Rodriguez of the Western District of Texas, this holding and "[t]he strict reading of the FLSA was reasoned largely upon the facts in [*Lynn's Food Stores*]. . . . the employees had not brought suit, were largely unaware of the fact that they had rights under the FLSA, had not consulted with an attorney before signing the agreements, and many did not speak English." *Martinez*, 361 F. Supp. 2d at 628 (citing *Lynn's Food Stores*, 679 F.2d at 1353-54). In *Lynn's Food Stores*, after unsuccessfully attempting to negotiate with the Department of Labor, the employer offered a total settlement amount far less than the amount owed for the violations to the unrepresented employees. 361 F. Supp. 2d at 627-28; *see Lynn's Food Stores*, 679 F.2d at 1354-55 (calling the transcript of negotiations "a virtual catalog of the sort of practices which the FLSA was intended to prohibit"). Judge Rodriguez reasoned that the egregious facts of *Lynn's Food Stores* did not preclude private settlement of FLSA claims in

other cases. In *Martin*, the Fifth Circuit agreed that the facts of *Lynn's Food Stores* were distinguishable from circumstances in which parties were aware of their rights, had filed a lawsuit, and were represented by counsel. 688 F.3d at 255-56 and n.10.

None of the concerns underlying the *Lynn's Food Stores* opinion are at issue here, where Plaintiff has been represented by the same capable counsel since Plaintiff's Original Complaint was filed in December 2021, and the Settlement Agreement was based on the proposal of a mediator well-versed in the FLSA and then the subject of extensive negotiations between the Parties. The record shows not only a bona fide dispute as to liability, but also clearly equivalent bargaining power in reaching a settlement that validated Plaintiffs' rights. Accordingly, the Settlement Agreement is in line with those in *Martin* and its progeny, which allow for the enforceability of a settlement and dismissal of a case without judicial review.

> **B.  As Identified by this Court, the Review of Confidentiality Provisions Focuses on Whether Such Provisions Are "Highly Restrictive."**

In line with many district courts in the Fifth Circuit which review settlement agreements of FLSA claims for fairness, this Court ordered the Parties to submit the Settlement Agreement for review and conducted a hearing on May 2, 2023. During that hearing, the Court mentioned the Western District case *Graciela v. Levya*, asking for the instant briefing to address whether the Confidentiality provision and the Limitation on Public Statements About Settlement provision should be approved under *Graciela*, in which the Western District addressed the scope of review of FLSA settlements. 2020 U.S. Dist. LEXIS 72030. *Graciela* cited *Cheeks v. Freeport Pancake House, Inc.*, a Second Circuit case holding that FLSA settlement agreements could not include provisions at odds with the remedial purposes of the FLSA, including "an overbroad release that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues'"; "a provision that

5

would set the fee for plaintiff's attorney at 'between 40 and 43.6 percent of the total settlement payment' without adequate documentation to support such a fee award"; and "a pledge by plaintiff's attorney not to 'represent any person bringing similar claims against Defendants.'" 2020 U.S. Dist. LEXIS 72030, at *3 n.1 (citing *Cheeks*, 796 F.3d 199, 206 (2d Cir. 2015)). On the specific issue of confidentiality, *Graciela* relied primarily on *Cheeks*, where the Second Circuit held that FLSA settlement agreements could not include "a battery of highly restrictive confidentiality provisions." 796 F.3d 199, 206 (2d Cir. 2015).

The concerns noted in *Cheeks* are not present in the Parties' agreed-to provisions, which prohibit disclosure of the settlement amount, prohibit named Plaintiff from making disparaging or derogatory statements, and prohibit both Parties from making public statements on social media, to news outlets, and the like. Such provisions are not a "battery of highly restrictive confidentiality provisions," and are more in line with the Non-Disclosure and Communications provision expressly approved by the Southern District of New York in *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, which relied, in part, on *Cheeks*. 2016 U.S. Dist. LEXIS 12871. In *Lola*, the plaintiffs and their counsel were prohibited from contacting the media or utilizing social media regarding their settlement and its terms and, if contacted, agreed to decline to comment or simply state that the matter had been resolved; such restrictions were deemed not to run afoul of the FLSA.[1] 2016 U.S. Dist. LEXIS 12871, at *7-8. Neither *Graciela* nor *Cheeks* contains a blanket prohibition on confidentiality provisions, and the Settlement Agreement here does not contain "a battery of highly restrictive confidentiality provisions," as prohibited.

---

[1] In doing so, the Court stated, "[t]he Court is aware of no reason why a settling plaintiff should be allowed to accept less than the maximum potential recovery on the basis of litigation risk, but not be permitted to make nonmonetary concessions, such as minor restrictions on his right to comment on the case, for the same reason . . . . [I]t is by no means irrational or improper for Plaintiffs to compromise words for dollars as part of a global, arms-length settlement . . . this provision is the result of fair bargaining between well-represented parties and embodies a reasonable compromise that does not conflict with the FLSA's purpose." 2016 U.S. Dist. LEXIS 12871, at *7-8.

C.  **Additional Scrutiny of Settlement Agreements and Confidentiality Provisions Where Court Approval of Settlement Agreements Is Sought Focuses on the Particular Circumstances of the Case and Settlement.**

Numerous courts in the Fifth Circuit have applied a more stringent standard in reviewing settlement agreements in FLSA cases, including the confidentiality provisions of such agreements. In the majority of those cases, the parties have sought court approval of their FLSA settlement agreements and requested that the court seal the settlement agreement.[2]

Two cases frequently cited by such courts are *Prater v. Commerce Equities Management Co.,* No. H-07-2349, 2008 U.S. Dist. LEXIS 98795 (S.D. Tex. Dec. 8, 2008) and *Rodriguez v. El Pollo Regio, Inc.*. No. 3:11-cv-22760-D, 2012 U.S. Dist. LEXIS 22814 (N.D. Tex. Feb. 23, 2012), both involving joint or agreed motions for court approval of FLSA settlement agreements which the parties sought to file under seal. Presumably because court approval was requested by the parties themselves, both cases presume that court approval is required and, relying chiefly on authority from outside the Fifth Circuit, focus on whether sealing the settlement agreements is appropriate given the "public's common law right of access to judicial records" and if sealing the records would "thwart the public's independent interest in assuring that employee's wages are fair and thus do not endanger 'the national health and well-being.'" 2008 U.S. Dist. LEXIS 98795 at *27, 30; 2012 U.S. Dist. LEXIS 22814 at *2. In both cases, the court denied the motion to seal the settlement agreements. 2008 U.S. Dist. LEXIS 98795 at *31; 2012 U.S. Dist. LEXIS 22814 at *3. *Prater* and *Rodriguez*, and other courts following their reasoning, require that, when a court is asked to approve a settlement agreement under the FLSA, parties wishing to keep their

---

[2] Other than *Graciela*, referenced above, there appears to be extremely limited case law from the Fifth Circuit regarding judicial review of confidentiality provisions of FLSA settlement agreements where such review is not sought by the parties. *See Valdez v. Superior Energy Servs. Inc.*, No. 2:15-CV-00144, 2019 U.S. Dist. LEXIS 248904 (S.D. Tex. Nov. 7, 2019) (approving settlement agreement containing confidentiality and non-disparagement provisions but denying requested attorneys' fees); *Bridges v. Rangers Enter. Satellite*, No. 3:20-CV-108-DMB-JMV, 2021 U.S. Dist. LEXIS 88745 (N.D. Miss. May 10, 2021) (approving settlement agreement provided to the court for in camera review).

settlement agreements under seal must make a showing of a specific interest in confidentiality, or an extraordinary reason, to outweigh the strong presumption of keeping such judicial records unsealed. *Prater*, 2008 U.S. Dist. LEXIS 98795 at *29.

Certain courts outside the Fifth Circuit have articulated a standard specific to evaluating confidentiality provisions within settlement agreements: "[u]nder certain circumstances, a confidentiality clause may be approved if it is limited to prevent its undermining the purpose of the FLSA." *Solkoff v. Pa. State. Univ.*, 435 F. Supp. 3d 646, 659 (E.D. Pa. 2020); *Pucciarelli v. Lakeview Cars, Inc.*, 2017 U.S. Dist. LEXIS 98641, at *10-11 (E.D.N.Y. June 23, 2017) (finding the confidentiality provision "not highly restrictive because it pertains only to the Agreement"); *Gravely v. PetroChoice, LLC*, 2022 U.S. Dist. LEXIS 113746, at *5, n.4 (E.D. Pa. June 28, 2022) (finding "confidentiality provisions like the Agreement's that permit plaintiffs to discuss their settlement with other employees are compatible with the [FLSA]").

The specific confidentiality provisions in this case combined with the circumstances surrounding the case and the settlement support a finding that the Settlement Agreement does not thwart the purposes of the FLSA. The Parties entered into extensive negotiations on the terms of the Settlement Agreement, including negotiation of provisions titled "Confidentiality" and "Limitation on Public Statements About Settlement." The provisions are uniquely important here given Plaintiff's Counsel's stature within the legal community and with the public, as he has 16.3 thousand followers on TikTok under the username "overtimelawyer." (https://www.tiktok.com/@overtimelawyer, last visited May 8, 2023). As, absent such provisions, the details of the Parties' settlement would likely be not only publicly available, but well-publicized, there was a heightened need for confidentiality in this case. Further, the limited confidentiality provisions in the Settlement Agreement do not infringe on the rights of third

parties or the public to know about the case. Even before a class was certified, two individuals opted-in, perhaps prompted by a TikTok Plaintiff's Counsel posted featuring this case, including Defendant's name and the nature of Plaintiff's allegations under the FLSA (https://www.tiktok.com/@overtimelawyer/video/7151226243432779054, last visited May 8, 2023). Additional interested parties received notices in multiple ways following certification. The allegations and defenses of the Parties, as well as the fact of settlement, will remain publicly available through Court filings and, presumably, through existing TikToks posted by Plaintiff's Counsel. The Settlement Agreement prohibits only disclosure of the settlement amount and making statements on social media, other media, or otherwise publicizing the settlement; there is no limitation on discussion of the rights of any employee under the FLSA. Given the limited restrictions in a circumstance with heightened concerns about publicity, the confidentiality provisions should not serve as a reason to deny dismissal of this case.

### D. This Court and Others in the Fifth Circuit Regularly Approve of Confidential Settlement Agreements of FLSA Claims.

This Court has approved of confidential settlement agreements in numerous FLSA cases. For example, this Court approved the confidential settlement agreement and granted the parties' joint motion to seal in *Cole v. AES Drilling Fluids, LLC*, Civil Action No. 4:16-cv-02030 [ECF No. 84] (Dec. 3, 2018). The *Cole* case is notable as the defendant in that case also filed specifically-requested briefing on the issue of the confidentiality of the settlement and the request to seal the agreement. *Id.* at [ECF No. 82]. Both requests were granted by the Court. *See also Sarabia v. Spitzer Industries*, No. 4:17-CV-2092 [ECF No. 32] (May 25, 2018) (granting the parties' Joint Motion for Confidential Approval of Settlement Agreement and dismissing the case with prejudice); *Turner v. Nine Energy Serv., LLC*, No. 4:15-CV-03670 [ECF No. 42] (Feb. 15, 2017) (granting the parties' Joint Motion to Approve [Confidential] Settlement and for

9

Dismissal with Prejudice). As recently as last month, in April 2023, this Court also approved a confidential settlement agreement in *Tilley, et al v. Canal Barge Company, Inc.*, Case No. 4:21-cv-01150 [ECF No. 50] (Apr. 7, 2023).

Such decisions follow directly in line with numerous other courts within the Fifth Circuit that have approved confidential settlement agreements. *Howe*, 2022 U.S. Dist. LEXIS 87419 at *4 ("Having reviewed the terms of the confidential settlement agreement, the Court concludes that the settlement is fair and reasonable."); *Venable v. Am. Consulting & Testing Inc.*, 2022 U.S. Dist. LEXIS 37667 (W.D. La. Feb. 25, 2022) (recommending that the confidential settlement agreement be approved); *Latronico v. V.K. Knowlton Constr. & Utils., Inc.*, 2021 U.S. Dist. LEXIS 258058, at *5 (W.D. Tex. Oct. 15, 2021) (finding the confidential settlement agreement fair and reasonable and dismissing the case with prejudice); *Hernandez-Conte v. IWC Holdings of Tex., LLC*, 2021 U.S. Dist. LEXIS 56674 (W.D. Tex. Mar. 25, 2021) (finding the terms of the confidential settlement agreement fair and reasonable); *Singer v. Wells Fargo Bank, N.A.*, 2020 U.S. Dist. LEXIS 256111 (W.D. Tex. July 14, 2020) (granting motion to dismiss with prejudice and approving the confidential settlement agreement); *Diaz v. Panhandle Maint., LLC*, 2020 U.S. Dist. LEXIS 21482, *5 (N.D. Tex. Feb. 6, 2020) (approving the confidential settlement agreement); *Cormier v. Turnkey Cleaning Servs., LLC,* No. 6:15-cv-2076, 2018 U.S. Dist. LEXIS 186138 (W.D. La. Oct. 22, 2018) (recommending approval of confidential FLSA settlement agreement following review *in camera*); *Koviach v. Crescent City Consulting LLC,* No. 14-2874, 2017 U.S. Dist. LEXIS 162171, at *9-10 (E.D. La. Oct. 2, 2017) (same). Approving the Parties' Settlement Agreement would be in direct line with not only the Fifth Circuit's precedent, but with this Court's own recent precedent.

### III.     CONCLUSION

The Fifth Circuit has held that private, confidential settlement agreements in FLSA class actions are permissible and enforceable, even without judicial review, when there is a bona fide dispute and no danger of disadvantaging the employees or of an inadvertent waiver of their rights without full compensation. Here, the Settlement Agreement resolves the Parties' bona fide dispute and is the product of extensive negotiations between capable and experienced counsel. The bargained-for confidentiality provisions included within the Settlement Agreement are not highly restrictive, but are specific and tailored to the unique circumstances of the Parties and this case. Approval of the Settlement Agreement, including its confidentiality provisions, is supported by applicable law, and this case should be dismissed with prejudice.

Respectfully submitted:

**DYKEMA GOSSETT, PLLC**
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
Telephone:  (210) 554-5500
Facsimile:   (210) 226-8395

By:  */s/ Elizabeth A. Voss*
  **Ramon D. Bissmeyer**
  Texas State Bar No. 00787088
  So. Dist. No. 17446
  Email:  RBissmeyer@dykema.com
  **Abigail M. Orgeron**
  Texas State Bar No. 24125679
  So. Dist. No. 3812177
  Email: AOrgeron@dykema.com

  **Elizabeth A. Voss**
  Texas State Bar No. 24075160
  So. Dist. No. 1241751
  **DYKEMA GOSSETT PLLC**
  1717 Main Street, Suite 4200
  Dallas, Texas 75201
  Telephone:  (214) 462-6400

Facsimile: (214) 462-6401  
Email: evoss@dykema.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 5, 2023, and May 8, 2023, I conferred with counsel for Plaintiff via email regarding the filing of the above Brief. Counsel for Plaintiff indicated that Plaintiff was unopposed to the Brief.

*/s/ Elizabeth A. Voss*  
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2023, I electronically filed true and correct copies of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing, and additionally served via United States certified mail, return receipt requested, to the following:

Trang Q. Tran  
Tran Law Firm  
2537 S. Gessner Suite 104  
Houston, Texas 77063  
Trang@tranlf.com  
service@tranlf.com

*/s/ Elizabeth A. Voss*  
Counsel for Defendant

4890-3000-8673.6